IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT, IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 17-22289 CA 01

ANDREW KIMMEL,

      Plaintiff,

vs.

MIAMI-DADE COUNTY, a
Political Subdivision of the State of
Florida, CHRIS SMITH, individually
and in his capacity as a Miami-Dade
County Police Officer,

      Defendant.

_____/

## AMENDED COMPLAINT FOR DAMAGES AND
## JURY TRIAL DEMAND

    COMES NOW the Plaintiff, ANDREW KIMMEL, by and through his undersigned

counsel and hereby sues the Defendants, MIAMI-DADE COUNTY and CHRIS SMITH and

alleges:

    1.      This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00),

exclusive of interest and costs.

    2.      At all times material herein, the Plaintiff, ANDREW KIMMEL, was a resident of

Miami-Dade County, Florida.

    3.      At all times material herein, the Defendant, MIAMI-DADE COUNTY, is a

political subdivision of the State of Florida and has the responsibility of providing law

enforcement in and for Miami-Dade County, Florida.

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

ANDREW KIMMEL,                                   GENERAL JURISDICTION DIVISION

           Plaintiff(s),                      CASE NO. 17-22289 CA 01 (25)

v.

MIAMI-DADE COUNTY, a Political
Subdivision of the State of Florida, CHRIS
SMITH, individually and in his capacity as a
Miami-Dade County Police Officer,

           Defendant(s).

---

### NOTICE OF CANCELLATION OF SPECIAL SET HEARING

PLEASE TAKE NOTICE that Defendant Miami-Dade County is cancelling the hearing

scheduled before the HONORABLE DARYL E. TRAWICK, on **Monday, June 25, 2018 at**

**10:30 a.m.**

1. **Miami-Dade County's Motion to Dismiss Plaintiff's Complaint**

2. **Chris Smith's Motion to Dismiss Plaintiff's Complaint**

**ABIGAIL PRICE-WILLIAMS**
Miami-Dade County Attorney
*Attorney for Defendant Miami-Dade County*
Stephen P. Clark Center, Suite 2810
111 Northwest First Street
Miami, Florida 33128-1993

By: _/s/Joni A. Mosely_____
    Joni A. Mosely
    Assistant County Attorney
    Florida Bar Number 668974
    Telephone:   (305) 375-5151
    Fax:       (305) 375-5634
    Email: joni.mosely@miamidade.gov
         michelle.rojasgarcia@miamidade.gov

Exhibit A to Removal

CFN: 20180426975 BOOK 31061 PAGE 83
DATE:07/17/2018 10:09:26 AM
HARVEY RUVIN, CLERK OF COURT, MIA-DADE CT'

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT, IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION
CASE NO. 17-22289 CA 01

ANDREW KIMMEL,

     Plaintiff,

vs.

MIAMI-DADE COUNTY, a
Political Subdivision of the State of
Florida, CHRIS SMITH, individually
and in his capacity as a Miami-Dade
County Police Officer,

     Defendant.

_____/

## AGREED ORDER ON MOTIONS TO DISMISS

     **THIS CAUSE** having come on before the Court upon Defendant Miami Dade County and Defendant Chris Smith's Motions to Dismiss and counsel having agreed to the entry of said order, and the Court being otherwise fully advised in the premises, it is hereby,

     **ORDERED** that: Defendant Miami Dade County's Motion to Dismiss is granted and Defendant Smith's Motion to Dismiss is granted. Plaintiff shall have thirty (30) days from the date of this order to file an Amended Complaint.

     DONE AND ORDERED in Chambers at Miami-Dade County, Florida, on 06/22/18.

DARYL E. TRAWICK
CIRCUIT COURT JUDGE

The parties served with this Order are indicated in the accompanying 11th Circuit email confirmation which includes all emails provided by the submitter. The movant shall IMMEDIATELY serve a true and correct copy of this Order, by mail, facsimile, email or hand-delivery, to all parties/counsel of record for whom service is not indicated by the

accompanying 11th Circuit confirmation, and file proof of service with the Clerk of Court.

Signed original order sent electronically to the Clerk of Courts for filing in the Court file.

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

ANDREW KIMMEL,

      Plaintiff(s),

v.

MIAMI-DADE COUNTY, a Political
Subdivision of the State of Florida,
CHRIS SMITH, individually and in
his capacity as a Miami-Dade
County Police Officer,

      Defendant(s).

General Jurisdiction Division

Case No. 17-22289 CA 01 (25)

## NOTICE OF HEARING

### Special Appointment (30 minutes)

PLEASE TAKE NOTICE that the following will be heard before the HONORABLE DARYL E. TRAWICK, one of the Judges of the above court, in Chambers at the Dade County Courthouse, room 1001, 73 West Flagler Street, Miami, Florida, on **Monday, June 25, 2018 at 10:30 a.m.**, or as soon thereafter as the matter may be heard:

1. Miami-Dade County's Motion to Dismiss Plaintiff's Complaint

2. Chris Smith's Motion to Dismiss Plaintiff's Complaint

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT, IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 17-22289 CA 01

ANDREW KIMMEL,

      Plaintiff,

vs.

MIAMI-DADE COUNTY, a
Political Subdivision of the State of
Florida, CHRIS SMITH, individually
and in his capacity as a Miami-Dade
County Police Officer,

      Defendant.

_____/

## RESPONSE TO REQUEST FOR PRODUCTION

COMES NOW the Plaintiff, ANDREW KIMMEL, by and through his undersigned

counsel and hereby responds to the Defendant's Request for Production as follows:

1. Income tax returns and related documents for the Plaintiff for the three years prior to the
incident to the present, as well as copies of W-2 forms or any other evidence of income
for each of said years. If there are returns requested which you do not have in your
immediate possession or custody, please fill out and sign the enclosed release and return
it in response to this request.

    See attached Authorization for Tax Return.

2. All medical records and/or hospital records and related documents pertaining to the
Plaintiff, to the extent they pertain to any and all injuries or damages you allege were
caused by the incident giving rise to this lawsuit, or pertaining to any treatment described
in your answers to interrogatories. If there are medical records and documents requested
which you do not have in your immediate possession or custody, please fill out and sign
the enclosed medical records release and return it in response to this request.

    See attached medical records and authorization for medical records.

3. All x-rays, cat scans, MRIs, EKGs, EEGs and/or other scans of the Plaintiff, to the extent they pertain to any and all injuries or damages you allege were caused by the incident giving rise to this lawsuit, or pertaining to any treatment described in your answers to interrogatories. If there are x-rays or scans requested which you do not have in your immediate possession or custody, please fill out and sign the enclosed medical records release and return it in response to this request..

None.

4. All medical bills and/or statements, correspondence (including but not limited to letters of protection), and related documents for services rendered to the Plaintiff, paid or unpaid, as an alleged result of the incident giving rise to this suit, including any bills for drugs or other related expenses.

See attached.

5. All bills, statements, or receipts relating to any expenses claimed as damages in this lawsuit which have not been produced in response to any of the preceding paragraphs.

See attached.

6. All reports and related documents relating to any issue in this lawsuit which have been prepared by experts that you intend to call as witnesses in this cause.

None. Plaintiff reserves the right to call an expert pursuant to the Court's Scheduling Order.

7. All statements taken from any agents or employees of Defendant regarding the incident sued upon.

None.

8. All photographs, diagrams, sketches or other documents depicting the scene of the alleged incident.
None.

9. All photographs, diagrams, sketches or other documents depicting your injuries or damages.

   See attached.

10. All statements taken from any witnesses having knowledge regarding the facts and circumstances surrounding the happening of the incident complained of herein.

    None.

11. All documents pertaining to the sued-upon incident or your physical condition or damages.

    See attached.

12. All releases, "Mary Carter Agreements," and any other type of settlement documents between the Plaintiffs and any other party which may have been responsible for the damages claimed by the Plaintiffs.

    None.

13. All photographs, recordings, charts, graphs, sketches and any other documents or tangible items which you intend to use during the trial of this cause and which have not been produced in response to any of the preceding paragraphs.

    See attached.

14. All documents which you identify in response to Interrogatories served this date.

    See attached.

15. All documents which you contend support your compliance with all conditions precedent to bringing this action.

    See attached.

16. Your Medicare card.

    None.

17. Your Medicaid card.

   None.

18. Your Social Security Disability card.

   None.

19. Your Supplemental Security Income card.

   None.

20. Your applications for Medicare or Medicaid benefits during the past 10 years.

   None.

21. Your applications for Social Security benefits including but not limited to Social Security Disability and/or Supplemental Security Income benefits during the past 10 years.

   None.

22. All Social Security award letters you have received during the past 10 years.

   None.

23. All documents regarding any and all Medicare benefits identified in your Answer to Medicare Interrogatory No. 1.

   None.

24. All documents regarding any and all Medicaid benefits identified in your Answer to Medicare Interrogatory No. 1.

   None.

25. All documents regarding any and all Social Security Disability benefits identified in your Answer to Medicare Interrogatory No. 1.

    None.

26. All documents regarding any and all Supplemental Security Income benefits identified in your Answer to Medicare Interrogatory No. 1.

    None.

27. All documents regarding your current Medicare, Medicaid, Social Security Disability and/or Supplemental Security Income recipient status as identified in your Answer to Medicare Interrogatory No. 2.

    None.

28. All documents and communications regarding any and all requests for hearing for Social Security Disability and/or Supplemental Security Income benefits identified in your Answer to Medicare Interrogatory No. 3.

    None.

29. So that both parties can be in full compliance with all Medicare reporting and reimbursement requirements, a completed and executed CMS Form A-1 and authorization (A-2), attached.

    See attached Medicare authorization.

30. As to each type of insurance in force in favor of the Plaintiff, including, but not limited to, medical insurance, hospitalization insurance, Medicare, Medicaid, disability insurance, medical payments insurance, personal injury protection, health insurance and accident insurance:

    At the time of the incident, I had Anthem Blue Cross but no longer have their information.

a. Copies of each such contract or policy.

b.  The Identification Card of each such contract policy;

c.  The Declaration Sheet of each such contract or policy;

d.  Each and every application for benefits made by the Plaintiff(s) under any of the polices, whether pertaining to the accident which is the subject of this litigation or not;

e.  All records of payments, checks, check stubs, memos and correspondence relating to payments made under any of the policies referred to above; and

f.  All documents reflecting billing codes including but not limited to ICD9 codes relating to Medicare coverage, treatment, and payments.

Respectfully submitted,

OBRONT COREY, PLLC
Attorneys for Plaintiff
100 South Biscayne Boulevard
Suite 800
Miami, Florida 33131
Phone:  (305) 373-1040
Fax:      (305) 373-2040
E-mail: curt@obrontcorey.com

By:    /s/ Curt Obront
        CURT OBRONT, ESQ.
        Florida Bar No. 402494

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was E-mailed this 22nd day of March, 2018 to Joni Mosely, Assistant County Attorney, 111 N.W. First Street, #2810, Miami, Florida 33128.

<u>/s/ Curt Obront</u>
CURT OBRONT, ESQ.

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT, IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 17-22289 CA 01

ANDREW KIMMEL,

     Plaintiff,

vs.

MIAMI-DADE COUNTY, a
Political Subdivision of the State of
Florida, CHRIS SMITH, individually
and in his capacity as a Miami-Dade
County Police Officer,

     Defendant.

_____/

## PLAINTIFF'S NOTICE OF SERVING ANSWERS TO DEFENDANT'S INTERROGATORIES

YOU ARE NOTIFIED that the undersigned has served Answers to the Interrogatories propounded by the Defendant, MIAMI-DADE COUNTY, and served with a copy of this certificate by E-mail on Joni Mosely, Assistant County Attorney, 111 N.W. First Street, #2810, Miami, Florida 33128 this 22nd day of March, 2018.

Respectfully submitted,

OBRONT COREY, PLLC
Attorneys for Plaintiff
100 South Biscayne Boulevard
Suite 800
Miami, Florida 33131
Phone: (305) 373-1040
Fax:    (305) 373-2040
E-mail: curt@obrontcorey.com

By:  _____/s/ Curt Obront_____
        CURT OBRONT, ESQ.
        Florida Bar No. 402494

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

ANDREW KIMMEL,                                          GENERAL JURISDICTION DIVISION

                Plaintiff(s),                    CASE NO. 17-22289 CA 01 (25)

v.

MIAMI-DADE COUNTY, A POLITICAL
SUBDIVISION OF THE STATE OF FLORIDA,
CHRIS SMITH, INDIVIDUALLY AND IN HIS
CAPACITY AS A MIAMI-DADE COUNTY
POLICE OFFICER,

                Defendant(s).
_____

## MIAMI-DADE COUNTY'S RESPONSE TO
## PLAINTIFF'S REQUEST FOR PRODUCTION SERVED DECEMBER 29, 2017

Defendant MIAMI-DADE COUNTY, by and through undersigned counsel, and pursuant

to Florida Rule of Civil Procedure 1.350, hereby responds to Plaintiff's Request for

Production served DECEMBER 29, 2017 as follows:

1.      All documents, including, but not limited to, physical evidence, that support
        each of Defendant's Affirmative Defenses as set forth in the Defendant's
        Answer.
        **Response:**
        **See the Miami-Dade Police Department reports, Bates nos. MDC000001-5,**
        **being sent via U.S. Mail.**

2.      All documents relating to the incident which forms the basis of this lawsuit.
        **Response:**
        **See the response to request number 1.**

*ANDREW KIMMEL v. MIAMI-DADE COUNTY, a Political Subdivision of the State of Florida, CHRIS SMITH,*
*individually and in his capacity as a Miami-Dade County Police Officer*
*Case No. 17-22289 CA 01 (25)*

3.      All diaries, notes, records, memoranda and records of telephone or other conversations prepared or maintained by anyone, other than counsel, relating to the Affirmative Defenses alleged in your Answer to the Complaint.

**Response:**
**None that aren't privileged.**

**Privilege Log**
**1.      02/12/15 –Notepad Detail prepared in anticipated of litigation by Janice Hutcheson of Miami-Dade County;**
**2.      03/10/15 -Notes preparing for litigation written by Janice Hutcheson; and**
**3.      03/10/15 –E-mail from Janet Hutcheson regarding location of potential trial witness.**

4.      All documents memorializing statements made by any witnesses regarding Plaintiff's claims in this case.

**Response:**
**None other than those provided in response to request number 1.**

5.      All correspondence, notes, memoranda, or other documents from you or any person acting for you, to or from any non-party witness or deponent that in any way relate to Plaintiff's claims in this case.

**Response:**
**None other than those provided in response to request number 1.**

6.      Copies of the pleadings of any prior lawsuits, grievances, and/or any other claims for redress, whether filed in court or disposed of out of court, regarding claims of any physical or mental injuries based on an allegation of false arrest and/or 1983 civil rights violations for the five-year period preceding this incident.

**Response:**
**Objection, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.**

7.      All photographs, videotapes, or other visual or audio recordings, including 911 tapes that support any of your defenses or that could be used in response to any claim by Plaintiff.

**Response:**
**A responsive photograph of Plaintiff, Bates no. MDC000010, is being sent via U.S. Mail.  As to the remainder of the request, none.**

OFFICE OF COUNTY ATTORNEY, MIAMI-DADE COUNTY, FLORIDA
TELEPHONE 305.375.5151

*ANDREW KIMMEL v. MIAMI-DADE COUNTY, a Political Subdivision of the State of Florida, CHRIS SMITH,*
*individually and in his capacity as a Miami-Dade County Police Officer*
*Case No. 17-22289 CA 01 (25)*

8.     All insurance policies which cover or may cover liability for damages, injuries or expenses caused by the accident which forms the basis of this lawsuit.
       **Response:**
       **There was no accident.  Miami-Dade County does not have insurance, the County is self-insured.**


9.     All documents and other evidence that you now intend to rely on or offer into evidence at the trial of the above styled matter.
       **Response:**
       **Unknown at this time.**

10.    All police reports and photographs regarding this incident.
       **Response:**
       **The reports are being sent to you via U.S. Mail, see response to request number 1.  As to the photograph, please see the response to request number 7.**

11.    The Internal Affairs file for Officer Chris Smith.
       **Response:**
       **Officer Smith does not have an Internal Affairs file.**

12.    The Personnel File for Officer Chris Smith.
       **Response:**
       **Officer Smith's redacted personnel file, Bates nos. MDC000011-460, will be sent via U.S. Mail.**

13.    The Miami-Dade Police Department SOP Manual or any other documents which govern the conduct of Miami-Dade County police officers.
       **Response:**
       **The Miami-Dade Police Department Manual, Bates nos. MDC000461-1846, will be forwarded by U.S. Mail.**

14.    Any and all Miami-Dade Police Department manuals or policies regarding the criteria to be utilized by officers in determining whether or not to arrest an individual suspected of committing a crime.
       **Response:**
       **See the response to request number 13.**

OFFICE OF COUNTY ATTORNEY, MIAMI-DADE COUNTY, FLORIDA
TELEPHONE 305.375.5151

*ANDREW KIMMEL v. MIAMI-DADE COUNTY, a Political Subdivision of the State of Florida, CHRIS SMITH,*
*individually and in his capacity as a Miami-Dade County Police Officer*
*Case No. 17-22289 CA 01 (25)*

Respectfully submitted,

**ABIGAIL PRICE-WILLIAMS**
Miami-Dade County Attorney
*Attorney for Defendant Miami-Dade County*
Stephen P. Clark Center, Suite 2810
111 Northwest First Street
Miami, Florida 33128-1993

By:  /s/ Joni A. Mosely
    Joni A. Mosely
    Assistant County Attorney
    Florida Bar Number 668974
    Telephone:    (305) 375-5151
    Fax:          (305) 375-5634
    Email:        joni.mosely@miamidade.gov
                  martha.reed@miamidade.gov

### CERTIFICATE OF SERVICE

I CERTIFY that a copy hereof has been furnished by E-MAIL generated by the Florida

Courts E-Filing Portal on **February 6, 2018** to: Curt Obront, Esq., Obront Corey, PLLC, 100

S. Biscayne Blvd, Suite 800, Miami, FL  33131, curt@obrontcorey.com.

/s/ Joni A. Mosely
Assistant County Attorney

Case 1:18-cv-23366-RNS Document 1-2 Entered on FLSD Docket 08/20/2018 Page 19 of 89

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

ANDREW KIMMEL,                                    GENERAL JURISDICTION DIVISION

                    Plaintiff,                    CASE NO. 17-22289 CA 25

v.

MIAMI-DADE COUNTY, a Political
Subdivision of the State of Florida, CHRIS
SMITH, individually and in his capacity as a
Miami-Dade County Police Officer,

                    Defendants.
_____

## MIAMI-DADE COUNTY'S NOTICE OF SERVING ANSWERS TO PLAINTIFF'S INTERROGATORIES SERVED DECEMBER 29, 2017

MIAMI-DADE COUNTY hereby gives notice that on March 6, 2018, it served by e-mail generated by the Florida Courts E-Filing Portal its answers to Plaintiff's Initial Interrogatories served DECEMBER 29, 2017 together with this notice on: Curt Obront, Esq., Obront Corey, PLLC, 100 S. Biscayne Blvd, Suite 800, Miami, FL 33131, curt@obrontcorey.com.

Respectfully submitted,

**ABIGAIL PRICE-WILLIAMS**
Miami-Dade County Attorney
*Attorney for Defendant MIAMI-DADE COUNTY*
Stephen P. Clark Center, Suite 2810
111 Northwest First Street
Miami, Florida 33128-1993

By:/s/ Joni A. Mosely
    Joni A. Mosely
    Assistant County Attorney
    Florida Bar Number 668974
    Telephone:    (305) 375-5151
    Fax:          (305) 375-5634
    Email:joni.mosely@miamidade.gov
          mar2@miamidade.gov

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

ANDREW KIMMEL,                                    GENERAL JURISDICTION DIVISION

          Plaintiff(s),                          CASE NO. 17-22289 CA 01 (25)

v.

MIAMI-DADE COUNTY, a Political
Subdivision of the State of Florida, CHRIS
SMITH, individually and in his capacity as a
Miami-Dade County Police Officer,

          Defendant(s).
_____

## MIAMI-DADE COUNTY'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S DISCOVERY SERVED DECEMBER 29, 2017

Defendant MIAMI-DADE COUNTY, by and through undersigned counsel, and pursuant to Florida Rule of Civil Procedure 1.090, moves for an extension of time to respond to Plaintiff's discovery served December 29, 2017, and states as follows:

1.   Despite diligent efforts, Defendant has been unable to complete its responses to the above-described discovery.

2.   This motion is not meant to harass or prejudice the Plaintiff in any way, nor is it interposed for the purpose of undue hindrance or delay.

3.   Defendant expressly reserves its right to object to any of Plaintiff's discovery, including but not limited to objections based upon work product, attorney-client or other applicable privilege.

**WHEREFORE** MIAMI-DADE COUNTY respectfully requests that this Court GRANT its motion, order that Defendant shall have an additional 35 days, and grant such other relief as this Court deems just.

*ANDREW KIMMEL v. MIAMI-DADE COUNTY, a Political Subdivision of the State of Florida, CHRIS SMITH,*
*individually and in his capacity as a Miami-Dade County Police Officer*
*Case No. 17-22289 CA 01 (25)*

Respectfully submitted,

**ABIGAIL PRICE-WILLIAMS**
Miami-Dade County Attorney
*Attorney for Defendant Miami-Dade County*
Stephen P. Clark Center, Suite 2810
111 Northwest First Street
Miami, Florida 33128-1993

By: /s/ Joni A. Mosely
Joni A. Mosely
Assistant County Attorney
Florida Bar Number 668974
Telephone:    (305) 375-5151
Fax:             (305) 375-5634
Email:joni.mosely@miamidade.gov
michelle.rojasgarcia@miamidade.gov
martha.reed@miamidade.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by

E-MAIL generated by the Florida Courts E-Filing Portal on **Friday, February 02, 2018**

upon: Curt Obront, Esq., Obront Corey, PLLC, 100 S. Biscayne Blvd, Suite 800, Miami, FL

33131, curt@obrontcorey.com.

/s/ Joni A. Mosely
Assistant County Attorney

OFFICE OF COUNTY ATTORNEY, MIAMI-DADE COUNTY, FLORIDA
TELEPHONE 305.375.5151

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

ANDREW KIMMEL,                                    GENERAL JURISDICTION DIVISION

                Plaintiff(s),            CASE NO. 17-22289 CA 01 (25)

v.

MIAMI-DADE COUNTY, a Political
Subdivision of the State of Florida, CHRIS
SMITH, individually and in his capacity as a
Miami-Dade County Police Officer,

                Defendant(s).

---

## MIAMI-DADE COUNTY'S NOTICE OF TAKING VIDEO DEPOSITION DUCES TECUM OF ANDREW KIMMEL

Miami-Dade County, by and through undersigned counsel, and pursuant to Florida

Rule of Civil Procedure 1.310, gives notice that it will take the VIDEO deposition upon

oral examination of Andrew Kimmel as follows:

| | |
|---|---|
| **Name of deponent:** | **Andrew Kimmel** |
| **Date:** | **Monday, March 26, 2018** |
| **Time:** | **10:00 a.m.** |
| **Location:** | **Miami-Dade County Attorney's Office** |
| | **Suite 2810** |
| | **111 Northwest First Street** |
| | **Miami, Florida 33128** |

The examination will take place before Florida Legal Support LLC or any other

Notary Public or officer authorized by law to take depositions in the State of Florida.

The name and address of the video operator is Florida Legal Support LLC, 66 West

Flagler Street, 7th Floor, Miami, FL 33130. The oral examination will continue from day

to day until completed. The depositions are being taken for the purpose of discovery,

for use at trial, or for such other purposes as are permitted under the applicable and governing rules.

THE DEPONENT is to bring the following: See Schedule C attached.

Respectfully submitted,

**ABIGAIL PRICE-WILLIAMS**
Miami-Dade County Attorney
*Attorney for Defendant Miami-Dade County*
Stephen P. Clark Center, Suite 2810
111 Northwest First Street
Miami, Florida 33128-1993

By: /s/Joni A. Mosely
Joni A. Mosely
Assistant County Attorney
Florida Bar Number 668974
Telephone:    (305) 375-5151
Fax:             (305) 375-5634
Email:  joni.mosely@miamidade.gov
    michelle.rojasgarcia@miamidade.gov

### CERTIFICATE OF SERVICE

I CERTIFY that a copy hereof has been furnished by E-MAIL generated by the Florida Courts E-Filing Portal on **January 12, 2018** to: Curt Obront, Esq., Obront Corey, PLLC, 100 S. Biscayne Blvd, Suite 800, Miami, FL 33131, curt@obrontcorey.com.

/s/Joni A. Mosely
Assistant County Attorney

## SCHEDULE C - PLAINTIFF DEPOSITION

Pursuant to Florida Rules of Civil Procedure 1.310 and 1.350, you are hereby requested to produce the following documents[1] and tangible things at the time and place of your deposition.

1.     All medical records, surgical records, mental illness records, x-rays, radiographic films pathology materials, including but not limited to slides and other tissue samples, or any other records or materials related to any diagnostic or treatment tests or procedures, financial records, bills, invoices, writings, notes or memoranda relating to all of the plaintiff's physical, medical or mental conditions, illnesses or disabilities, including but not limited to the doctors, nurses, practitioners, hospitals, clinics, institutions or other health care providers or third party private or governmental health or accident insurers, without regard to whether it is the plaintiff's contention that such physical, medical or mental conditions, illnesses or disabilities were caused in any way by the defendant or any agent or employee of the defendant. Records should be produced: a) for a period of five years before and up to the date of the occurrence alleged in the plaintiff's complaint; and b) for a period of time commencing on the date of the occurrence alleged in the plaintiff's

---

[1] As used herein, "**document**" shall mean any **writing, recording or photograph** in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: contracts, letters and other forms of correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, microfilms, video tapes or tape recordings and telex, telegraphic, telefaxed, email, or other forms of Electronically Stored Information (ESI).

ESI is any information created, stored, or best utilized with computer technology of any type. It includes but is not limited to data; word-processing documents; spreadsheets; presentation documents; graphics; animations; images; e-mail and instant messages (including attachments); audio, video, and audiovisual recordings; voicemail stored on databases; networks; computers and computer systems; servers; archives; backup or disaster recovery systems; discs, CDs, diskettes, drives, tapes, cartridges and other storage media; printers; the Internet; personal digital assistants; handheld wireless devices; cellular telephones; pagers; fax machines; and voicemail systems. documents and tangible things shall include all types of recorded information, including but not limited to writings, drawings,

complaint up to and including the present date. With regard to any medical or hospital records of the plaintiff that are in existence but are not physically in the possession or custody of the plaintiff or the plaintiff's attorney, but which are in the plaintiff's control, the defendant requests that the plaintiff execute authorizations to each doctor or hospital where records exist, to allow the defendant to obtain information and to examine copies of said records.

2.    All employment records relating in any way to the plaintiff, whether employed or self-employed, the records relating to the fact and duration of unemployment, the records of Workmen's Compensation, Unemployment Insurance, Welfare and applications for assistance from any governmental agency because of unemployment or ill health, all income tax records and all income records for a period of five years prior to the time of the occurrence alleged in the plaintiff's complaint up to and including the present date. With regard to any employment records referred to in the preceding paragraph which are in existence but are not physically in the possession or custody of the plaintiff or the plaintiff's attorney, but which are in the plaintiff's control, the defendant requests that the plaintiff execute authorizations to allow the defendant to obtain and examine copies of said records.

3.    All photographs, sketches or diagrams relating in any way to the allegations of the plaintiff's complaint, including but not limited to the scene of the incident, and plaintiff's damages allegedly caused by the incident.

4.    All documents, including financial records, bills, receipts, invoices, notes, memoranda or otherwise relating in any way to the plaintiff's physical, medical and mental

---

graphs, charts, photographs, phonorecords, e-mails, computer files, and other data compilations from which information can be obtained, translated, if necessary, through detection devices into reasonably usable form.

conditions, illnesses or disabilities, including any amount of damage incurred or suffered by or on behalf of the plaintiff or his or her representative including, but not limited to, reasonable expenses incurred for necessary medical, surgical, x-ray, dental or rehabilitative services including prosthetic devices, ambulance, hospital and nursing services, drugs and therapy, lost wages, loss of earning capacity or other economic wages, amounts intended to compensate the plaintiff for pain and suffering, loss of companionship, embarrassment and other items of general damage including any writing relating to whether or not any such damages incurred or suffered has been or will be replaced, compensated or indemnified pursuant to the United States Social Security Act, any state or federal income disability or Workers' Compensation act, any health, sickness or income disability insurance, any accident insurance that provides health benefits or income disability coverage, any contractor agreement of any group, organization, partnership or corporation to provide, pay for or reimburse the cost of medical, hospital, dental or other health care services, any contract or agreement to continue to pay, in whole or in part, the plaintiff's wages or income, or any other collateral source of benefits whatsoever, without regard to whether it is the plaintiff's contention that such physical, medical or mental conditions, illnesses or disabilities were caused in any way by the defendant or any agent or employee of the defendant. Records should be produced a) for a period of five years before and up to the date of the occurrence alleged in the plaintiff's complaint; and b) for a period of time commencing on the date of the occurrence alleged in the plaintiff's complaint up to and including the present date. With regard to any such financial records, bills, receipts, invoices, notes, memoranda or otherwise of the plaintiff referred to in paragraph 6 above which are in existence, but are not physically in the possession or custody of the plaintiff or

plaintiff's attorney, but which are in the plaintiff's control, the defendant requests that the plaintiff execute authorizations to each doctor, hospital or other health care provider where such records or writings exist, to allow the defendant to obtain and examine copies of such records or writings.

5.     All documents relating to your claim of expense or damages relating in any way to any lost earnings or any loss of earning capacity, including a wage loss statement from your employer, copies of your Federal Income Tax returns, your W-2 Statements, your 1099 Statements and any self-employment records relating to your income and expenses for a period of five years before the year in which the alleged occurrence took place up to the present date.

6.     All school and/or day care facility documents relating in any way to the plaintiff, including names and addresses of schools, day care facilities, dates of attendance and absences, medical records, academic and scholastic records, records of extracurricular activities and any other records kept by each school or day care facility. With regard to any school and/or day care facility documents that are in existence and within the plaintiff's control, but are not physically in the possession or custody of the plaintiff or the plaintiff's attorney, the defendant requests that the plaintiff execute authorizations to allow the defendant to obtain and examine copies of said records.

7.     Any and all written statements and/or reports, signed or unsigned, of the plaintiff and/or copies of all verbatim written transcriptions of any and all statements of the plaintiff taken on a recording instrument, relative to the matters alleged in plaintiff's

complaint, which are in the possession, custody or control of the said plaintiffs or their attorneys.

8.      Any and all written statements and/or reports, signed or unsigned, of any and all witnesses to the matters alleged in the plaintiff's complaint, and/or copies of all verbatim written transcriptions of any and all statements of such witnesses taken on a recording instrument, which are in the possession, custody or control of the said plaintiffs or their attorneys.

9.      Any and all written statements and/or reports, signed or unsigned, of the defendant and/or copies of all verbatim written transcriptions of any and all statements of the defendant taken on a recording instrument, relative to the matters alleged in plaintiff's complaint, including all reports and memoranda originating with the defendant and any other person, all as are in the custody or control of the plaintiffs or their attorneys, including all correspondence or copies thereof between the plaintiff and defendant.

10.      Any and all reports, memos and written results of any investigation of the accident or occurrence, and any and all papers, correspondence and documents related to any such investigation.

11.      All diaries, notes, calendar references, statements, recordings or other written materials prepared by you or under your supervision which in any way records the incident, treatment, or damages alleged in the complaint.

## VERIFIED RETURN OF SERVICE

State of Florida                    County of Miami-Dade                    Circuit Court

Case Number: 17-22289 CA 01
Plaintiff:
ANDREW KIMMEL,

Vs.

Defendant:
MIAMI-DADE COUNTY, ET AL.,

For:    Curt Obront, Esq.
        Obront Corey PLLC
        Southern Financial Center
        200 South Biscayne Blvd., Suite 2940
        Miami, FL 33131

Received by SAMUELS PROFESSIONAL SERVERS, CORP. on the 21st day of November, 2017 at 11:00 a.m. To be served on Officer Chris Smith (3838) at 9105 NW 25th Street, Miami, FL 33172.

I, Andre Samuels, being duly sworn, depose and say that on the 22nd day of November, 2017 at 4:00 p.m., I: Served an Individual service by delivering the true copy of the Summons and Complaint with the date and hour of service endorsed thereon by me, to: Officer Chris Smith at the alternative address of: 2100 NW 42nd Ave, Miami, FL 33142 and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, and I am a Certified Process Server in good standing in the Judicial Circuit of Florida, in which the process was served. Signed in the State of FLORIDA. "Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true." F.S. 92.525. Notary not required.

Andre Samuels #2055
Process Server
Samuels Professional Servers, Corp.
8821 SW 136th Street, #562948
Miami, FL 33256-2948

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT, IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 17-22289 CA 01

ANDREW KIMMEL,

      Plaintiff,

**SUMMONS**

vs.

Florida Bar No. 402494

MIAMI-DADE COUNTY, a
Political Subdivision of the State of
Florida, CHRIS SMITH, individually
and in his capacity as a Miami-Dade
County Police Officer,

      Defendant.

_____/

THE STATE OF FLORIDA:

TO EACH SHERIFF OF THE STATE:

YOU ARE COMMANDED to serve the Summons and a copy of the Complaint or petition in
this action on defendant(s):

      Officer Chris Smith (#3838)
      Miami-Dade Police Department
      9105 N.W. 25th Street
      Miami, Florida 33172

Each Defendant is required to serve written defenses to the Complaint or petition on Plaintiff's
attorney, to-wit:

      Curt Obront, Esq.
      Obront Corey PLLC
      100 South Biscayne Boulevard
      Suite 800
      Miami, Florida 33131
      Phone: (305) 373-1040
      Fax:   (305) 373-2040



IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT, IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 17-22289 CA (25)

ANDREW KIMMEL,

     Plaintiff,

vs.

MIAMI-DADE COUNTY, a
Political Subdivision of the State of
Florida, CHRIS SMITH, individually
and in his capacity as a Miami-Dade
County Police Officer,

     Defendant.

_____/

## <u>REQUEST FOR PRODUCTION TO</u>
## <u>DEFENDANT MIAMI-DADE COUNTY</u>

Defendant, MIAMI-DADE COUNTY, is hereby requested to produce and permit the undersigned attorneys for the Plaintiff to examine, inspect and/or copy the following designated items within thirty (30) days from the date of service hereof at the offices of the undersigned:

1. All documents, including, but not limited to, physical evidence, that support each of Defendant's Affirmative Defenses as set forth in the Defendant's Answer.

2. All documents relating to the incident which forms the basis of this lawsuit.

3. All diaries, notes, records, memoranda and records of telephone or other conversations prepared or maintained by anyone, other than counsel, relating to the Affirmative Defenses alleged in your Answer to the Complaint.

4. All documents memorializing statements made by any witnesses regarding Plaintiff's claims in this case.

5. All correspondence, notes, memoranda, or other documents from you or any person acting for you, to or from any non-party witness or deponent that in any way relate to Plaintiff's claims in this case.

6. Copies of the pleadings of any prior lawsuits, grievances, and/or any other claims for redress, whether filed in court or disposed of out of court, regarding claims of any physical or mental injuries based on an allegation of false arrest and/or 1983 civil rights violations for the five-year period preceding this incident.

7. All photographs, videotapes, or other visual or audio recordings, including 911 tapes that support any of your defenses or that could be used in response to any claim by Plaintiff.

8. All insurance policies which cover or may cover liability for damages, injuries or expenses caused by the accident which forms the basis of this lawsuit.

9. All documents and other evidence that you now intend to rely on or offer into evidence at the trial of the above styled matter.

10. All police reports and photographs regarding this incident.

11. The Internal Affairs file for Officer Chris Smith.

12. The Personnel File for Officer Chris Smith.

13. The Miami-Dade Police Department SOP Manual or any other documents which govern the conduct of Miami-Dade County police officers.

14. Any and all Miami-Dade Police Department manuals or policies regarding the criteria to be utilized by officers in determining whether or not to arrest an individual suspected of

committing a crime.

Respectfully submitted,

OBRONT COREY, PLLC
Attorneys for Plaintiff
100 South Biscayne Boulevard
Suite 800
Miami, Florida 33131
Phone: (305) 373-1040
Fax:    (305) 373-2040
E-mail: curt@obrontcorey.com

By: _____
CURT OBRONT, ESQ.
Florida Bar No. 402494

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was E-mailed this 27th

day of December, 2017 to Joni Mosely, Assistant County Attorney, 111 N.W. 1st Street, Suite

2810, Miami, Florida 33128.

_____
CURT OBRONT, ESQ.

Case 1:18-cv-23366-RNS Document 1-2 Entered on FLSD Docket 08/20/2018 Page 34 of 89

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT, IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 17-22289 CA (25)

ANDREW KIMMEL,

      Plaintiff,

vs.

MIAMI-DADE COUNTY, a
Political Subdivision of the State of
Florida, CHRIS SMITH, individually
and in his capacity as a Miami-Dade
County Police Officer,

      Defendant.

_____/

## PLAINTIFF'S NOTICE OF SERVICE OF FIRST SET OF
## INTERROGATORIES TO DEFENDANT MIAMI-DADE COUNTY

COMES NOW the Plaintiff, ANDREW KIMMEL, by and through the undersigned
counsel, and hereby propounds the attached First Set of Interrogatories to the Defendant,
MIAMI-DADE COUNTY, to be answered in accordance with Florida Rule of Civil Procedure
1.340.

                        Respectfully submitted,

                        OBRONT COREY, PLLC
                        Attorneys for Plaintiff
                        100 South Biscayne Boulevard
                        Suite 800
                        Miami, Florida 33131
                        Phone: (305) 373-1040
                        Fax:    (305) 373-2040
                        E-mail: curt@obrontcorey.com

      By: _____
             CURT OBRONT, ESQ.
             Florida Bar No. 402494

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was E-mailed this 29th day of December, 2017 to Joni Mosely, Assistant County Attorney, 111 N.W. 1st Street, Suite 2810, Miami, Florida 33128.

CURT OBRONT, ESQ.

Case 1:18-cv-23366-RNS Document 1-2 Entered on FLSD Docket 08/20/2018 Page 36 of 89

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

ANDREW KIMMEL,                        GENERAL JURISDICTION DIVISION

           Plaintiff(s),             CASE NO. 17-22289 CA 01 (25)

v.

MIAMI-DADE COUNTY, a Political
Subdivision of the State of Florida, CHRIS
SMITH, individually and in his capacity as a
Miami-Dade County Police Officer,

           Defendant(s).

_____

## MIAMI-DADE COUNTY'S REQUEST TO PRODUCE TO PLAINTIFF

Defendant MIAMI-DADE COUNTY, by and through undersigned counsel, and pursuant to Florida Rule of Civil Procedure 1.350, hereby requests the Plaintiff to produce and permit the Defendant to inspect and copy at the offices of the County Attorney, Suite 2810, 111 Northwest First Street, Miami, Florida 33128-1993, all of the documents and tangible things listed below and within the Plaintiff's custody or control; and to respond in writing within thirty (30) days after service to said requests. If any item is not in Plaintiff's immediate possession, but is within Plaintiff's control, such as medical records or income tax returns, you are hereby requested to take any and all steps necessary to obtain possession of such items.

### DEFINITIONS

**(a).** The words "you," "yours" and/or "yourselves" mean Plaintiff and any directors, officers, employees, agents, representatives or other persona acting, or purporting to act, on the behalf of Plaintiff.

**(b).** The singular shall include the plural and vice versa; the terms "and" and "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation."

**(c).** "Date" shall mean the exact date, month, and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

**(d).** The word "document" shall mean any writing, recording, electronically stored information, or photograph in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, microfilms, video tapes or tape recordings.

**(e).** "Electronically Stored Information" (ESI) is any information created, stored, or best utilized with computer technology of any type. It includes but is not limited to data; word-processing documents; spreadsheets; presentation documents; graphics; animations; images; e-mail and instant messages (including attachments); audio, video, and audiovisual recordings; voicemail stored on databases; networks; computers and computer systems; servers; archives; backup or disaster recovery systems; discs, CDs, diskettes, drives, tapes, cartridges and other storage media; printers; the Internet; personal digital assistants; handheld wireless devices; cellular telephones; pagers; fax machines; and voicemail systems.

OFFICE OF COUNTY ATTORNEY, MIAMI-DADE COUNTY, FLORIDA
TELEPHONE 305.375.5151

**(f)**.   "Agent" shall mean: any agent, employee, officer, director, attorney, independent contractor, or any other person acting at the direction of or on the behalf of another.

**(g)**.   "Person" shall mean any individual, corporation, proprietorship, partnership, trust, association, or any other entity.

**(h)**.   The words "pertain to" or "pertaining to" mean: relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

**(i)**.   The terms "third party" or "third parties" refers to individuals or entities that are not a party to this action.

**(j)**.   The term "action" shall mean the present case.

**(k)**.   The word "identify," when used in reference to a document or electronically stored information, means and includes the name and address of the custodian of the document, the location of the document, and a general description of the document, including (1) the type of document (e.g., letter or memorandum), and, if electronically stored information, the software application used to create it (e.g., MS Word or MS Excel); (2) the general subject matter of the document; (3) the date of the document; (4) the author of the document; (5) the addressee of the document; and (6) the relationship of the author and addressee to each other.

**(l)**.   The word "survivor" means the decedent's spouse, children, parents, and when partly or wholly dependent on the decedent for support or services, any blood

Page 3 of 16

relatives and adoptive brothers and sisters. It includes the child born out of wedlock of a mother, but not the child born out of wedlock of the father unless the father has recognized a responsibility for the child's support.

**(m).**     "Minor children" means children under 25 years of age.

**(n).**     "Support" includes contributions in kind as well as money.

**(o).**     "Services" means task, usually of a household nature, regularly performed by the decedent that will be a necessary expense to the survivors of the decedent.

**(p).**     "Net accumulations" means the part of the decedent's expected net business or salary income, including pension benefits, that the decedent probably would have retained as savings and left as part of his or her estate if the decedent had lived his or her normal life expectancy. "Net business or salary income" is the part of the decedent's probable gross income after taxes, excluding income from investments continuing beyond death, that remains after deducting the decedent's personal expenses and support of survivors, excluding contributions in kind.

## INSTRUCTIONS

**All documents and things that are electronically stored information must be produced in native format. For example, all photographs must be produced as digital files, not prints.**

If you object to fully identifying a document or oral communication because of a privilege, you must nevertheless provide the following information pursuant to Florida Rule 1.280, unless divulging the information would disclose the privileged information:

**(a).**     the nature of the privilege claimed (including work product);

**(b).**     if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

**(c).**     the date of the document or oral communication;

**(d).**     if a document: its type (e.g., letter or memorandum) and, if electronically stored information, the software application used to create it (e.g., MS Word or MS Excel), and the custodian, location, and such other information sufficient to identify the document for a subpoena duces tecum or production request, including where appropriate the author, the addressee, and, if not apparent, the relationship between the author and addressee;

**(e).**     if an oral communication: the place where it was made, the names or the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant; and

**(f).**     the general subject matter of the document or oral communication.

### DOCUMENT AND TANGIBLE ITEM REQUESTS

1.     Income tax returns and related documents for the Plaintiff for the three years prior to the incident to the present, as well as copies of W-2 forms or any other evidence of income for each of said years. If there are returns requested which you do not have in your immediate possession or custody, please fill out and sign the enclosed release and return it in response to this request.

OFFICE OF COUNTY ATTORNEY, MIAMI-DADE COUNTY, FLORIDA
TELEPHONE 305.375.5151

2.    All medical records and/or hospital records and related documents pertaining to the Plaintiff, to the extent they pertain to any and all injuries or damages you allege were caused by the incident giving rise to this lawsuit, or pertaining to any treatment described in your answers to interrogatories. If there are medical records and documents requested which you do not have in your immediate possession or custody, please fill out and sign the enclosed medical records release and return it in response to this request.

3.    All x-rays, cat scans, MRIs, EKGs, EEGs and/or other scans of the Plaintiff, to the extent they pertain to any and all injuries or damages you allege were caused by the incident giving rise to this lawsuit, or pertaining to any treatment described in your answers to interrogatories. If there are x-rays or scans requested which you do not have in your immediate possession or custody, please fill out and sign the enclosed medical records release and return it in response to this request..

4.    All medical bills and/or statements, correspondence (including but not limited to letters of protection), and related documents for services rendered to the Plaintiff, paid or unpaid, as an alleged result of the incident giving rise to this suit, including any bills for drugs or other related expenses.

5.    All bills, statements, or receipts relating to any expenses claimed as damages in this lawsuit which have not been produced in response to any of the preceding paragraphs.

6.    All reports and related documents relating to any issue in this lawsuit which have been prepared by experts that you intend to call as witnesses in this cause.

7.    All statements taken from any agents or employees of Defendant regarding the incident sued upon.

8.    All photographs, diagrams, sketches or other documents depicting the scene of the alleged incident.

9.    All photographs, diagrams, sketches or other documents depicting your injuries or damages.

10.    All statements taken from any witnesses having knowledge regarding the facts and circumstances surrounding the happening of the incident complained of herein.

11.    All documents pertaining to the sued-upon incident or your physical condition or damages.

12.    All releases, "Mary Carter Agreements," and any other type of settlement documents between the Plaintiffs and any other party which may have been responsible for the damages claimed by the Plaintiffs.

13.    All photographs, recordings, charts, graphs, sketches and any other documents or tangible items which you intend to use during the trial of this cause and which have not been produced in response to any of the preceding paragraphs.

14.    All documents which you identify in response to Interrogatories served this date.

15.    All documents which you contend support your compliance with all conditions precedent to bringing this action.

16.    Your Medicare card.

17.    Your Medicaid card.

18.    Your Social Security Disability card.

19.    Your Supplemental Security Income card.

OFFICE OF COUNTY ATTORNEY, MIAMI-DADE COUNTY, FLORIDA
TELEPHONE 305.375.5151

20.     Your applications for Medicare or Medicaid benefits during the past 10 years.

21.     Your applications for Social Security benefits including but not limited to Social Security Disability and/or Supplemental Security Income benefits during the past 10 years.

22.     All Social Security award letters you have received during the past 10 years.

23.     All documents regarding any and all Medicare benefits identified in your Answer to Medicare Interrogatory No. 1.

24.     All documents regarding any and all Medicaid benefits identified in your Answer to Medicare Interrogatory No. 1.

25.     All documents regarding any and all Social Security Disability benefits identified in your Answer to Medicare Interrogatory No. 1.

26.     All documents regarding any and all Supplemental Security Income benefits identified in your Answer to Medicare Interrogatory No. 1.

27.     All documents regarding your current Medicare, Medicaid, Social Security Disability and/or Supplemental Security Income recipient status as identified in your Answer to Medicare Interrogatory No. 2.

28.     All documents and communications regarding any and all requests for hearing for Social Security Disability and/or Supplemental Security Income benefits identified in your Answer to Medicare Interrogatory No. 3.

29.     So that both parties can be in full compliance with all Medicare reporting and reimbursement requirements, a completed and executed CMS Form A-1 and authorization (A-2), attached.

30.     As to each type of insurance in force in favor of the Plaintiff, including, but not limited to, medical insurance, hospitalization insurance, Medicare, Medicaid, disability insurance, medical payments insurance, personal injury protection, health insurance and accident insurance:

    a.   Copies of each such contract or policy'

    b.   The Identification Card of each such contract policy;

    c.   The Declaration Sheet of each such contract or policy;

    d.   Each and every application for benefits made by the Plaintiff(s) under any of the polices, whether pertaining to the accident which is the subject of this litigation or not;

    e.   All records of payments, checks, check stubs, memos and correspondence relating to payments made under any of the policies referred to above; and

    f.   All documents reflecting billing codes including but not limited to ICD9 codes relating to Medicare coverage, treatment, and payments.

**ABIGAIL PRICE-WILLIAMS**
Miami-Dade County Attorney
*Attorney for Defendant Miami-Dade County*
Stephen P. Clark Center, Suite 2810
111 Northwest First Street
Miami, Florida 33128-1993

By: /s/Joni A. Mosely
    Joni A. Mosely
    Assistant County Attorney
    Florida Bar Number 668974
    Telephone:    (305) 375-5151
    Fax:             (305) 375-5634
    Email: joni.mosely@miamidade.gov
    michelle.rojasgarcia@miamidade.gov

Page 9 of 16

Case No. 17-22289 CA 01 (25)

## CERTIFICATE OF SERVICE

I CERTIFY that a copy hereof has been furnished by E-MAIL generated by the Florida Courts E-Filing Portal on **December 26, 2017** to: Curt Obront, Esq., Obront Corey, PLLC, 100 S. Biscayne Blvd, Suite 800, Miami, FL  33131, curt@obrontcorey.com.

/s/Joni A. Mosely
Assistant County Attorney

OFFICE OF COUNTY ATTORNEY, MIAMI-DADE COUNTY, FLORIDA
TELEPHONE 305.375.5151

## AUTHORIZATION FOR RELEASE OF MEDICAL INFORMATION AND RECORDS
### (HIPAA Compliant)

TO:                                          PATIENT: Andrew Kimmel
                                             D/O/B:
                                             SOC. SEC.:

You, and any person associated with you, are authorized to furnish to: **Office of the County Attorney, suite 2810, 111 Northwest First Street, Miami, Florida 33128**, all medical, hospital, psychiatric, or other mental health treatment records, reports, x-rays, lab tests, bills, correspondence or other documentary or tangible items you may have regarding my mental or physical condition while under your observation or treatment, and to permit the examination of, and the copying of all or any records pertaining thereto. I understand that i may refuse to sign this authorization and that my refusal to sign will not affect my ability to obtain treatment or payment, enrollment, or my eligibility for benefits.

This Authorization is valid through the completion of litigation styled ANDREW KIMMEL v. MIAMI-DADE COUNTY, a Political Subdivision of the State of Florida, CHRIS SMITH, individually and in his capacity as a Miami-Dade County Police Officer, 17-22289 CA 01 (25). Redisclosure of this information to a party other than the one designated above is forbidden without additional written authorization on my part. This facility is released and discharged of any liability and the undersigned will hold the facility harmless for complying with this "Authorization for Release of Medical Information."


_____
Andrew Kimmel

STATE OF FLORIDA  :
COUNTY OF MIAMI-DADE  :

THE FOREGOING instrument was acknowledged before me this _____ day of

_____, 2017, by _____ who is personally known to me or

who has produced _____ as identification and who did take an oath.

SWORN TO and subscribed before me
this _____ day of _____, 2017
Print_____
Sign _____
NOTARY PUBLIC, State of Florida at Large

My commission expires:

Form **4506**

(Rev. January 2012)

Department of the Treasury
Internal Revenue Service

# Request for Copy of Tax Return

OMB No. 1545-0429

▶ **Request may be rejected if the form is incomplete or illegible.**

**Tip.** You may be able to get your tax return or return information from other sources. If you had your tax return completed by a paid preparer, they should be able to provide you a copy of the return. The IRS can provide a **Tax Return Transcript** for many returns free of charge. The transcript provides most of the line entries from the original tax return and usually contains the information that a third party (such as a mortgage company) requires. See **Form 4506-T, Request for Transcript of Tax Return,** or you can quickly request transcripts by using our automated self-help service tools. Please visit us at IRS.gov and click on "Order a Transcript" or call 1-800-908-9946.

| | |
|---|---|
| **1a** Name shown on tax return. If a joint return, enter the name shown first. | **1b First social security number on tax return, individual taxpayer identification number, or employer identification number (see instructions)** |
| **2a** If a joint return, enter spouse's name shown on tax return. | **2b Second social security number or individual taxpayer identification number if joint tax return** |

**3** Current name, address (including apt., room, or suite no.), city, state, and ZIP code (see instructions)

**4** Previous address shown on the last return filed if different from line 3 (see instructions)

**5** If the tax return is to be mailed to a third party (such as a mortgage company), enter the third party's name, address, and telephone number.

**Caution.** *If the tax return is being mailed to a third party, ensure that you have filled in lines 6 and 7 before signing. Sign and date the form once you have filled in these lines. Completing these steps helps to protect your privacy. Once the IRS discloses your IRS return to the third party listed on line 5, the IRS has no control over what the third party does with the information. If you would like to limit the third party's authority to disclose your return information, you can specify this limitation in your written agreement with the third party.*

**6** **Tax return requested.** Form 1040, 1120, 941, etc. and all attachments as originally submitted to the IRS, including Form(s) W-2, schedules, or amended returns. Copies of Forms 1040, 1040A, and 1040EZ are generally available for 7 years from filing before they are destroyed by law. Other returns may be available for a longer period of time. Enter only one return number. If you need more than one type of return, you must complete another Form 4506. ▶ _____

**Note.** *If the copies must be certified for court or administrative proceedings, check here* . . . . . . . . ☐

**7** **Year or period requested.** Enter the ending date of the year or period, using the mm/dd/yyyy format. If you are requesting more than eight years or periods, you must attach another Form 4506.

_____    _____    _____    _____

_____    _____    _____    _____

**8** **Fee.** There is a $57 fee for each return requested. **Full payment must be included with your request or it will be rejected. Make your check or money order payable to "United States Treasury." Enter your SSN or EIN and "Form 4506 request" on your check or money order.**

| | | |
|---|---|---|
| **a** Cost for each return | $ | |
| **b** Number of returns requested on line 7 | | |
| **c** Total cost. Multiply line 8a by line 8b | $ | |

**9** If we cannot find the tax return, we will refund the fee. If the refund should go to the third party listed on line 5, check here . . . . . ☐

**Caution.** Do not sign this form unless all applicable lines have been completed.

**Signature of taxpayer(s).** I declare that I am either the taxpayer whose name is shown on line 1a or 2a, or a person authorized to obtain the tax return requested. If the request applies to a joint return, **either** husband or wife must sign. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, trustee, or party other than the taxpayer, I certify that I have the authority to execute Form 4506 on behalf of the taxpayer. **Note.** *For tax returns being sent to a third party, this form must be received within 120 days of the signature date.*

Phone number of taxpayer on line 1a or 2a

**Sign Here**

▶ Signature (see instructions)    Date

▶ Title (if line 1a above is a corporation, partnership, estate, or trust)

▶ Spouse's signature    Date

For Privacy Act and Paperwork Reduction Act Notice, see page 2.    Cat. No. 41721E    Form **4506** (Rev. 1-2012)

Form 4506 (Rev. 1-2012)

Section references are to the Internal Revenue Code unless otherwise noted.

## What's New

The IRS has created a page on IRS.gov for information about Form 4506 and its instructions. Information about any recent developments affecting Form 4506, Form 4506T and Form 4506T-EZ will be posted on that page.

## General Instructions

**Caution.** Do not sign this form unless all applicable lines have been completed.

**Purpose of form.** Use Form 4506 to request a copy of your tax return. You can also designate (on line 5) a third party to receive the tax return.

**How long will it take?** It may take up to 60 calendar days for us to process your request.

**Tip.** Use Form 4506-T, Request for Transcript of Tax Return, to request tax return transcripts, tax account information, W-2 information, 1099 information, verification of non-filing, and record of account.

**Automated transcript request.** You can quickly request transcripts by using our automated self-help service tools. Please visit us at IRS.gov and click on "Order a Transcript" or call 1-800-908-9946.

**Where to file.** Attach payment and mail Form 4506 to the address below for the state you lived in, or the state your business was in, when that return was filed. There are two address charts: one for individual returns (Form 1040 series) and one for all other returns.

If you are requesting a return for more than one year and the chart below shows two different addresses, send your request to the address based on the address of your most recent return.

## Chart for individual returns (Form 1040 series)

| If you filed an individual return and lived in: | Mail to the "Internal Revenue Service" at: |
| --- | --- |
| Alabama, Kentucky, Louisiana, Mississippi, Tennessee, Texas, a foreign country, American Samoa, Puerto Rico, Guam, the Commonwealth of the Northern Mariana Islands, the U.S. Virgin Islands, or A.P.O. or F.P.O. address | RAIVS Team Stop 6716 AUSC Austin, TX 73301 |
| Alaska, Arizona, Arkansas, California, Colorado, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Michigan, Minnesota, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oklahoma, Oregon, South Dakota, Utah, Washington, Wisconsin, Wyoming | RAIVS Team Stop 37106 Fresno, CA 93888 |
| Connecticut, Delaware, District of Columbia, Florida, Georgia, Maine, Maryland, Massachusetts, Missouri, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, South Carolina, Vermont, Virginia, West Virginia | RAIVS Team Stop 6705 P-6 Kansas City, MO 64999 |

## Chart for all other returns

| If you lived in or your business was in: | Mail to the "Internal Revenue Service" at: |
| --- | --- |
| Alabama, Alaska, Arizona, Arkansas, California, Colorado, Florida, Hawaii, Idaho, Iowa, Kansas, Louisiana, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oklahoma, Oregon, South Dakota, Texas, Utah, Washington, a foreign country, or A.P.O. or F.P.O. address | RAIVS Team P.O. Box 9941 Mail Stop 6734 Ogden, UT 84409 |
| Connecticut, Delaware, District of Columbia, Georgia, Illinois, Indiana, Kentucky, Maine, Maryland, Massachusetts, Michigan, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, South Carolina, Tennessee, Vermont, Virginia, West Virginia, Wisconsin | RAIVS Team P.O. Box 145500 Stop 2800 F Cincinnati, OH 45250 |

## Specific Instructions

**Line 1b.** Enter your employer identification number (EIN) if you are requesting a copy of a business return. Otherwise, enter the first social security number (SSN) or your individual taxpayer identification number (ITIN) shown on the return. For example, if you are requesting Form 1040 that includes Schedule C (Form 1040), enter your SSN.

**Line 3.** Enter your current address. If you use a P.O. box, please include it on line 3.

**Line 4.** Enter the address shown on the last return filed if different from the address entered on line 3.

**Note.** If the address on lines 3 and 4 are different and you have not changed your address with the IRS, file Form 8822, Change of Address.

**Signature and date.** Form 4506 must be signed and dated by the taxpayer listed on line 1a or 2a. If you completed line 5 requesting the return be sent to a third party, the IRS must receive Form 4506 within 120 days of the date signed by the taxpayer or it will be rejected. Ensure that all applicable lines are completed before signing.

**Individuals.** Copies of jointly filed tax returns may be furnished to either spouse. Only one signature is required. Sign Form 4506 exactly as your name appeared on the original return. If you changed your name, also sign your current name.

**Corporations.** Generally, Form 4506 can be signed by: (1) an officer having legal authority to bind the corporation, (2) any person designated by the board of directors or other governing body, or (3) any officer or employee on written request by any principal officer and attested to by the secretary or other officer.

**Partnerships.** Generally, Form 4506 can be signed by any person who was a member of the partnership during any part of the tax period requested on line 7.

**All others.** See section 6103(e) if the taxpayer has died, is insolvent, is a dissolved corporation, or if a trustee, guardian, executor, receiver, or administrator is acting for the taxpayer.

**Documentation.** For entities other than individuals, you must attach the authorization document. For example, this could be the letter from the principal officer authorizing an employee of the corporation or the letters testamentary authorizing an individual to act for an estate.

**Signature by a representative.** A representative can sign Form 4506 for a taxpayer only if this authority has been specifically delegated to the representative on Form 2848, line 5. Form 2848 showing the delegation must be attached to Form 4506.

**Privacy Act and Paperwork Reduction Act Notice.** We ask for the information on this form to establish your right to gain access to the requested return(s) under the Internal Revenue Code. We need this information to properly identify the return(s) and respond to your request. If you request a copy of a tax return, sections 6103 and 6109 require you to provide this information, including your SSN or EIN, to process your request. If you do not provide this information, we may not be able to process your request. Providing false or fraudulent information may subject you to penalties.

Routine uses of this information include giving it to the Department of Justice for civil and criminal litigation, and cities, states, the District of Columbia, and U.S. commonwealths and possessions for use in administering their tax laws. We may also disclose this information to other countries under a tax treaty, to federal and state agencies to enforce federal nontax criminal laws, or to federal law enforcement and intelligence agencies to combat terrorism.

You are not required to provide the information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law. Generally, tax returns and return information are confidential, as required by section 6103.

The time needed to complete and file Form 4506 will vary depending on individual circumstances. The estimated average time is: **Learning about the law or the form,** 10 min.; **Preparing the form,** 16 min.; and **Copying, assembling, and sending the form to the IRS,** 20 min.

If you have comments concerning the accuracy of these time estimates or suggestions for making Form 4506 simpler, we would be happy to hear from you. You can write to:

Internal Revenue Service
Tax Products Coordinating Committee
SE:W:CAR:MP:T:M:S
1111 Constitution Ave. NW, IR-6526
Washington, DC 20224.

Do not send the form to this address. Instead, see *Where to file* on this page.

## FORM A-1

The Centers for Medicare & Medicaid Services (CMS) is the federal agency that oversees the Medicare program. Many Medicare beneficiaries have other insurance in addition to their Medicare benefits. Sometimes Medicare is supposed to pay after the other insurance. However, if certain other insurance delays payment, Medicare may make a "conditional payment" so as not to inconvenience the beneficiary, and recover after the other insurance pays.

Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007 (MMSEA), a new federal law that became effective January 1, 2009, requires that liability insurers (including self-insurers), no-fault insurers, and workers' compensation plans report specific information about Medicare beneficiaries who have other insurance coverage. This reporting is to assist CMS and other insurance plans to properly coordinate payment of benefits among plans so that your claims are paid promptly and correctly.

We are asking you to answer the questions below so that we may comply with this law.

Please review this picture of your Medicare card to determine if you Have, or have ever had, a similar Medicare card.



Section 1

| Are you presently, or have you ever been, enrolled in Medicare Park A or Part B? | | | | | | | | | | | | ☐ Yes | | | ☐ No | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| *If yes, please complete the following.  If no, proceed to Section II* | | | | | | | | | | | | | | | | | |
| *Full Name: (Please print the name exactly as it appears on your SSN or Medicare card if available)* | | | | | | | | | | | | | | | | | |
| Medicare Claim Number: | | | | | | | | | | Date of Birth (Mo/Day/Year) | | | - | | | - | |
| Social Security Number: *(if Medicare Claim number is Unavailable)* | | | | | - | | | - | | | | Sex: | ☐ Female | | | ☐ Male | |

Section II

I understand that the information requested is to assist the requesting insurance arrangement to accurately coordinate with Medicare and to meet its mandatory reporting obligations under Medicare law.

_____        _____
Claimant Name (Please Print)                                    Claim Number

_____
Name of person Completing This Form If Claimant is Unable (Please Print)

_____        _____
Signature of Person Completing This Form              Date

*If you have completed Sections I and II above, stop here.  If you are refusing to provide the information requested in Sections I and II, proceed to Section III.*

_____

**FORM A-1**

Section III

_____          _____
Claimant Name (Please Print)                          Claim Number

For the reason(s) listed below, I have not provided the information requested. I understand that if I am a Medicare beneficiary and I do not provide the requested information, I may be violating obligations as a beneficiary to assist Medicare in coordinating benefits to pay my claims correctly and promptly.

**Reason(s) for Refusal to Provide Requested Information:**

_____

_____

_____

_____

_____          _____
Signature of Person Completing This Form              Date

**FORM A-2**

# *Authorization to Release Information*

**NAME:** _____

**(if applicable, exactly as shown on your Medicare card)**

**SOCIAL SECURITY NUMBER:** _____

**MEDICARE NUMBER (HICN):**_____

**(if applicable, the number on your Medicare card)**

**DATE OF BIRTH:**_____

**DATE OF INJURY/ILLNESS:**_____

In compliance with the Federal Privacy Act of 1974 and the HIPAA Privacy Rule, the undersigned authorizes the Centers for Medicare &Medicaid Services (CMS), and their contractors, to release to

_____

or its/their designee(s), agent(s) and representative(s) (collectively "the Company") any and all information concerning conditional payments made by Medicare resulting from the personal injury/illness, which occurred/was diagnosed on or about the date listed above.

The undersigned also hereby authorizes the Company to disclose my personal·information (including but not limited to my Social Security number) and information related to my injury/illness and any settlement for the specified injury/illness to CMS and its contractors.

The undersigned also hereby authorizes the Company to disclose my Social Security number to the Social Security Administration to determine social security benefits (for the purposes of determining Medicare eligibility).

This form expires in three years from the date of execution; however, I understand that I may revoke this "Authorization to Release Information" at any time.

**SIGNED:** _____     **DATE:** _____

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

ANDREW KIMMEL,

Plaintiff(s),

v.

MIAMI-DADE COUNTY, a Political
Subdivision of the State of Florida, CHRIS
SMITH, individually and in his capacity as a
Miami-Dade County Police Officer,

Defendant(s).

GENERAL JURISDICTION DIVISION

CASE NO. 17-22289 CA 01 (25)

## MIAMI-DADE COUNTY CERTIFICATE OF SERVING
## POLICE INTERROGATORIES TO PLAINTIFF

Undersigned counsel for MIAMI-DADE COUNTY, pursuant to Florida Rule of Civil Procedure 1.340, hereby certifies that interrogatories have been propounded to Plaintiff and served by e-mail generated by the Florida Courts E-Filing Portal on **December 26, 2017** with a copy of this certificate on: Curt Obront, Esq., Obront Corey, PLLC, 100 S. Biscayne Blvd, Suite 800, Miami, FL 33131, curt@obrontcorey.com.

**ABIGAIL PRICE-WILLIAMS**
Miami-Dade County Attorney
*Attorney for Miami-Dade County*
Stephen P. Clark Center, Suite 2810
111 Northwest First Street
Miami, Florida 33128-1993

By: /s/Joni A. Mosely_____
    Joni A. Mosely
    Assistant County Attorney
    Florida Bar Number 668974
    Telephone:   (305) 375-5151
    Fax:             (305) 375-5634
    Email:  joni.mosely@miamidade.gov
    michelle.rojasgarcia@miamidade.gov

## DEFINITIONS

**(a).**   The words "you," "yours" and/or "yourselves" mean Plaintiff and any directors, officers, employees, agents, representatives or other persona acting, or purporting to act, on the behalf of Plaintiff.

**(b).**   The singular shall include the plural and vice versa; the terms "and" and "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation."

**(c).**   "Date" shall mean the exact date, month, and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

**(d).**   The word "document" shall mean any writing, recording, electronically stored information, or photograph in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, microfilms, video tapes or tape recordings.

**(e).**   "Electronically Stored Information" (ESI) is any information created, stored, or best utilized with computer technology of any type. It includes but is not limited to data; word-processing documents; spreadsheets; presentation documents; graphics; animations; images; e-mail and instant messages (including attachments); audio, video, and audiovisual recordings; voicemail stored on databases; networks; computers and computer systems; servers; archives; backup or disaster recovery

Page 2 of 10

systems; discs, CDs, diskettes, drives, tapes, cartridges and other storage media; printers; the Internet; personal digital assistants; handheld wireless devices; cellular telephones; pagers; fax machines; and voicemail systems.

**(f).** "Agent" shall mean: any agent, employee, officer, director, attorney, independent contractor, or any other person acting at the direction of or on the behalf of another.

**(g).** "Person" shall mean any individual, corporation, proprietorship, partnership, trust, association, or any other entity.

**(h).** The words "pertain to" or "pertaining to" mean: relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

**(i).** The terms "third party" or "third parties" refers to individuals or entities that are not a party to this action.

**(j).** The term "action" shall mean the present case.

**(k).** The word "identify," when used in reference to a document or electronically stored information, means and includes the name and address of the custodian of the document, the location of the document, and a general description of the document, including (1) the type of document (e.g., letter or memorandum), and, if electronically stored information, the software application used to create it (e.g., MS Word or MS Excel); (2) the general subject matter of the document; (3) the date of the

document; (4) the author of the document; (5) the addressee of the document; and (6) the relationship of the author and addressee to each other.

**(l).**    The word "survivor" means the decedent's spouse, children, parents, and when partly or wholly dependent on the decedent for support or services, any blood relatives and adoptive brothers and sisters. It includes the child born out of wedlock of a mother, but not the child born out of wedlock of the father unless the father has recognized a responsibility for the child's support.

**(m).**    "Minor children" means children under 25 years of age.

**(n).**    "Support" includes contributions in kind as well as money.

**(o).**    "Services" means task, usually of a household nature, regularly performed by the decedent that will be a necessary expense to the survivors of the decedent.

**(p).**    "Net accumulations" means the part of the decedent's expected net business or salary income, including pension benefits, that the decedent probably would have retained as savings and left as part of his or her estate if the decedent had lived his or her normal life expectancy. "Net business or salary income" is the part of the decedent's probable gross income after taxes, excluding income from investments continuing beyond death, that remains after deducting the decedent's personal expenses and support of survivors, excluding contributions in kind.

## INSTRUCTIONS

Each interrogatory shall be answered separately and fully in writing under oath unless objected to, in which event the objection shall be stated by the attorney making

OFFICE OF COUNTY ATTORNEY, MIAMI-DADE COUNTY, FLORIDA
TELEPHONE 305.375.5151

it. All answers and any objections shall be served within 30 days after service of the interrogatories.

If you respond to an interrogatory by producing records in accordance with Rule 1.340 (c), you must provide sufficient detail to allow us to locate and identify the records from which the answer may be derived, or identify a person who will be available to assist us in locating and identifying those records when they are produced. If the records are available electronically, we request that they be produced in native format.

If you object to fully identifying a document or oral communication because of a privilege, you must nevertheless provide the following information pursuant to Florida Rule 1.280, unless divulging the information would disclose the privileged information:

**(a).**    the nature of the privilege claimed (including work product);

**(b).**    if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

**(c).**    the date of the document or oral communication;

**(d).**    if a document: its type (e.g., letter or memorandum) and, if electronically stored information, the software application used to create it (e.g., MS Word or MS Excel), and the custodian, location, and such other information sufficient to identify the document for a subpoena duces tecum or production request, including where appropriate the author, the addressee, and, if not apparent, the relationship between the author and addressee;

**(e).**    if an oral communication: the place where it was made, the names or the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant; and

**(f).**    the general subject matter of the document or oral communication.

## INTERROGATORIES

1.    What is the name, and address and date of birth of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

1.    List the names, business addresses, dates of employment and rates of pay regarding all employers, including self-employment, for whom you have worked in the past ten years.

2.    List all former names and when you were known by those names. State all addresses where you have lived for the past ten years, the dates you lived at each address, your social security number, your date of birth, and the name of your spouse. If this is not your first marriage, please provide the name, last known address and telephone number of all prior spouses, the date and County in which each marriage occurred, and the date, County in which, and way in which each prior marriage ended.

3.    Have you ever been convicted of a crime, other than any juvenile adjudication, which under the law under which you were convicted was punishable by death or imprisonment in excess of one year, or that involved dishonesty or a false statement regardless of the punishment? If so, state as to each conviction, the specific crime, the date and the place of conviction.

4.    Have you or any member of your family ever been arrested?  If yes, please state the person's full name, the date of arrest, the charges, and the arresting agency.

OFFICE OF COUNTY ATTORNEY, MIAMI-DADE COUNTY, FLORIDA
TELEPHONE 305.375.5151

Case No. 17-22289 CA 01 (25)

5.     Did you personally observe the sued-upon incident? If so, please describe in detail how the incident described in the complaint happened, including all actions taken by you to prevent the incident.

6.     Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence, false arrest, malicious prosecution, false imprisonment, or battery that was a contributing legal cause of the damages you allege.

7.     Describe each element of damage you are claiming in this case, specifying how your have sustained that damage, for how long, and whether that damage is permanent.

8.     Has anything been paid or is anything payable from any third party for the damages listed in your answers to these interrogatories? If so, state the amounts paid or payable, the name and business street address (not post office box number) of the person or entity who paid or owes said amounts, and which of those third parties have or claim a right of subrogation.

9.     List the names and business address of all physicians, medical facilities or other health care providers by whom or at which you have been examined or treated in the past ten years; and state as to each the dates of examination or treatment and the condition or injury for which you were examined or treated.

10.     List the names and addresses of all persons who are believed or known by you, your agents or attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

OFFICE OF COUNTY ATTORNEY, MIAMI-DADE COUNTY, FLORIDA
TELEPHONE 305.375.5151

11.  Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement or statements, state the name and address of each person who heard it, and the date, time, place and substance of each statement.

12.  State the name and address of every person known to you, your agents, or attorneys, who has knowledge about, or possession, custody or control of any model, plat, map, drawing, motion picture, video tape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

13.  Do you intend to call any expert witnesses at the trial of this case? If so, state as to each such witness the name and business address of the witness, the witness's qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion.

14.  Have you made an agreement with anyone that would limit that party's liability to anyone for any of the damages sued upon in this case? If so, state the terms of the agreement and the parties to it.

15.  Please state if you have ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter and if so, state whether you were plaintiff or defendant, the nature of the action, and the date and court in which such suit was filed.

OFFICE OF COUNTY ATTORNEY, MIAMI-DADE COUNTY, FLORIDA
TELEPHONE 305.375.5151

## MEDICARE INTERROGATORIES

16.     Are you presently receiving, or have you at any time since the date of the subject incident received, Medicare, Medicaid, Social Security Disability ("SSD") and/or Supplemental Security Income ("SSI") benefits? If yes, please state your Medicare Health Insurance Claim Number (HICN) and any other applicable claim or matter reference number(s), as well as the corresponding entitlement date(s).

17.     If your answer to Question 1 above is yes, please state: (a) the nature/type of benefits received (i.e., Medicare Part A, Medicare Part B, Medicare Part C, Medicare Part D, Medicaid, SSD, and/or SSI); (b) the cause, basis or reason for each/any of those benefits; (c) the date(s) each/any of those benefits were received; (d) the amount received for each/any of those benefits, per date; and (e) your current status as a Medicare, Medicaid, Social Security Disability, and/or Supplemental Security Income recipient.

18.     If not currently receiving SSD/SSI, has a claim or request for hearing for SSD/SSI benefits been filed? If yes, please list all date(s) of application and date of last denial.

Case No. 17-22289 CA 01 (25)

STATE OF FLORIDA

COUNTY OF MIAMI-DADE

**Before me on this day personally appeared Andrew Kimmel who, being duly sworn, states that foregoing answers are true and correct.**

**Dated: _____**          _____

                                         **Signature of Andrew Kimmel**

Sworn to (or affirmed) and subscribed before me this ____ day of _____, ____, by Andrew Kimmel.

                                         _____

                                         Notary Public

Personally known ____ OR Produced Identification ____.

Type of Identification Produced: _____

Case 1:18-cv-23366-RNS   Document 1-2   Entered on FLSD Docket 08/20/2018   Page 62 of 89

**In The Circuit Court Of The Eleventh Judicial Circuit,**
**In Miami-Dade County, Florida**

ANDREW KIMMEL,,

    Plaintiff(s),

v.

MIAMI-DADE COUNTY, a Political
Subdivision of the State of Florida,
CHRIS SMITH, individually and in
his capacity as a Miami-Dade
County Police Officer,

    Defendant(s).

)
)
)
)
)
)
)

General Jurisdiction Division

Case No.: 17-22289 CA 01 (25)

## REQUEST FOR HEARING SPECIAL SETTING

1. Motion for which hearing requested (full title):
   <u>Miami-Dade County's Motion to Dismiss Plaintiff's Complaint.</u>

   ___ evidentiary (requires testimony)
   _**X**_ non-evidentiary (legal argument only)

2. Amount of time requested for both sides to complete presentation:
   <u>15 Minutes</u>.

3. To be completed by counsel or pro se litigant:

   I certify that a copy of **THIS MOTION**(s) has been received by the
   opposing counsel or party.
                               Check one of below:
   __**X**__ I have conferred with the opposing counsel or pro se party in a good
   faith effort to resolve the matter(s) without a hearing and to determine
   the amount of time requested for the hearing; or

   _____I have been unable to confer with opposing counsel or pro se party
   because (state circumstances): _____

Case No. 17-22289 CA 01 (25)

Respectfully submitted,

**ABIGAIL PRICE-WILLIAMS**
Miami-Dade County Attorney
*Attorney for Defendant Miami-Dade County*
Stephen P. Clark Center, Suite 2810
111 Northwest First Street
Miami, Florida 33128-1993

By: /s/Joni A. Mosely_____
      Joni A. Mosely
      Assistant County Attorney
      Florida Bar Number 668974
      Telephone:   (305) 375-5151
      Fax:           (305) 375-5634
      Email: joni.mosely@miamidade.gov
          michelle.rojasgarcia@miamidade.gov

I hereby certify the above hearing request and accompanying motion were served by e-mail this 13th day of December, 2017 pursuant to the Florida Rules of Civil Procedure to:

Curt Obront, Esq.
Obront Corey, PLLC
100 S. Biscayne Blvd, Suite 800
Miami, FL  33131
(305) 373-1040
curt@obrontcorey.com

For Judge/staff use only: date received:_____date sent:_____
Disposition: hearing and ruling_____agreed order_____
Abandoned_____.

**In The Circuit Court Of The Eleventh Judicial Circuit,**
**In Miami-Dade County, Florida**

ANDREW KIMMEL,,

    Plaintiff(s),

v.

MIAMI-DADE COUNTY, a Political
Subdivision of the State of Florida,
CHRIS SMITH, individually and in
his capacity as a Miami-Dade
County Police Officer,

    Defendant(s).

)
)
)
)
)
)
)

General Jurisdiction Division

Case No.: 17-22289 CA 01 (25)

## **REQUEST FOR HEARING SPECIAL SETTING**

1. Motion for which hearing requested (full title):
   <u>Chris Smith's Motion to Dismiss Plaintiff's Complaint.</u>

   ___ evidentiary (requires testimony)
   **_X_** non-evidentiary (legal argument only)

2. Amount of time requested for both sides to complete presentation:
   <u>15 Minutes</u>.

3. To be completed by counsel or pro se litigant:

   I certify that a copy of **THIS MOTION**(s) has been received by the
   opposing counsel or party.
                                        Check one of below:
   **__X__** I have conferred with the opposing counsel or pro se party in a good
   faith effort to resolve the matter(s) without a hearing and to determine
   the amount of time requested for the hearing; or

   _____ I have been unable to confer with opposing counsel or pro se party
   because (state circumstances): _____

Respectfully submitted,

**ABIGAIL PRICE-WILLIAMS**
Miami-Dade County Attorney
*Attorney for Defendant Chris Smith*
Stephen P. Clark Center, Suite 2810
111 Northwest First Street
Miami, Florida 33128-1993

By: /s/Joni A. Mosely_____
    Joni A. Mosely
    Assistant County Attorney
    Florida Bar Number 668974
    Telephone:   (305) 375-5151
    Fax:         (305) 375-5634
    Email: joni.mosely@miamidade.gov
      michelle.rojasgarcia@miamidade.gov

    I hereby certify the above hearing request and accompanying motion were served by e-mail this 13th day of December, 2017 pursuant to the Florida Rules of Civil Procedure to:

    Curt Obront, Esq.
    Obront Corey, PLLC
    100 S. Biscayne Blvd, Suite 800
    Miami, FL  33131
    (305) 373-1040
    curt@obrontcorey.com

For Judge/staff use only: date received:_____date sent:_____
Disposition: hearing and ruling_____agreed order_____
Abandoned_____.

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

ANDREW KIMMEL,                                    GENERAL JURISDICTION DIVISION

          Plaintiff(s),                         CASE NO. 17-22289 CA 01 (25)

v.

MIAMI-DADE COUNTY, a Political
Subdivision of the State of Florida, CHRIS
SMITH, individually and in his capacity as a
Miami-Dade County Police Officer,

          Defendant(s).
_____

**CHRIS SMITH'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant CHRIS SMITH, by and through undersigned counsel, and pursuant to Florida Rule of Civil Procedure 1.140, moves to dismiss and/or quash service of Plaintiff's Complaint, and states as follows:

### I. Facts As Alleged In Complaint

Chris Smith is a police officer with the Miami-Dade Police Department, and is therefore, an employee of the County. (*See* Compl.¶ 5) In Count II, Plaintiff attempts to sue Officer Smith in his individual capacity and in his capacity as a Miami-Dade Police Officer for false arrest or imprisonment while simultaneously alleging that Officer Smith was "working within the scope of his employment" at the County. (Compl. ¶ 5) Based on Plaintiff's own allegations, Count II must be dismissed because pursuant to § 768.28(9), Florida Statutes, government employees acting within the scope of their employment cannot be sued individually, unless there is an allegation of bad faith, malice, or willful and wanton disregard. Plaintiff makes no allegation of bad faith, malice, or willful and wanton disregard against Officer Smith. Therefore, Count II must be dismissed.

## II. Motion To Dismiss Standard

To survive a motion to dismiss, a complaint must allege a prima facie case. *Alvarez v. E & A Produce Corp.*, 708 So. 2d 997, 999–1000 (Fla. 3d DCA 1998) (dismissing negligence complaint for failure to state a claim). Dismissal is required where it appears from a reading of the complaint that the plaintiff would not be entitled to recovery even if he proved each and every allegation. *Thompkins v. Metro. Dade County*, 345 So. 2d 1090, 1091 (Fla. 3d DCA 1977). In evaluating a motion to dismiss, the court confines its consideration to the four corners of the complaint and must accept all well-pleaded allegations as true. *Id.* Even if this Court accepts everything Plaintiff has pled as true, he still is not entitled to recovery on Count II.

## III. Argument – Officer Smith Is Immune From Suit

Florida Statute 768.28(9) provides:

No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

Fla. Stat. § 768.28. "The immunity provided by section 768.28(9)(a) is both an immunity from liability and an immunity from suit, and the benefit of this immunity is effectively lost if the person entitled to assert it is required to go to trial." *Willingham v. City of Orlando*, 929 So. 2d 43, 48 (Fla. 5th DCA 2006). In fact, a denial of the immunity provided for by § 768.28(9), is subject to immediate appellate review. Fla. R. App. P. 9.130(a) (3)(C)(x) ("Appeals to the district courts of appeal of non-final orders are limited to

those that . . . determine . . . as a matter of law, a party is not entitled to immunity under section 768.28(9), Florida Statutes.").

Officer Smith is immune from suit because Plaintiff himself alleges that Officer Smith was at all times acting within his scope of employment when he effectuated Plaintiff's arrest. Plaintiff makes no allegation that Officer Smith acted in bad faith, or maliciously, or with willful and wonton disregard.   Since Officer Smith was within the scope of his employment, Plaintiff's claim of false arrest or imprisonment against Officer Smith fails and Count II must be dismissed.

WHEREFORE, CHRIS SMITH, respectfully requests that its motion be GRANTED, that judgment be entered in favor of CHRIS SMITH, and for such other relief as this Court deems just.

## DESIGNATION OF E-MAIL ADDRESSES

Pursuant to Florida Rule of Judicial Administration 2.516, undersigned counsel hereby designates her primary and secondary e-mail addresses for purposes of e-mail service as follows:

Primary e-mail address: **joni.mosely@miamidade.gov**

Secondary e-mail address: **michelle.rojasgarcia@miamidade.gov**

*ANDREW KIMMEL v. MIAMI-DADE COUNTY, and CHRIS SMITH*
*Case No. 17-22289 CA 01 (25)*

Respectfully submitted,

**ABIGAIL PRICE-WILLIAMS**
Miami-Dade County Attorney
*Attorney for Defendant Miami-Dade County*
Stephen P. Clark Center, Suite 2810
111 Northwest First Street
Miami, Florida 33128-1993

By: /s/ Joni A. Mosely
       Joni A. Mosely
       Assistant County Attorney
       Florida Bar Number 668974
       Telephone:    (305) 375-5151
       Fax:              (305) 375-5634
       Email: joni.mosely@miamidade.gov
       michelle.rojasgarcia@miamidade.gov

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by E-MAIL generated by the Florida Courts E-Filing Portal on **Tuesday, December 05, 2017** upon: Curt Obront, Esq., Obront Corey, PLLC, 100 S. Biscayne Blvd, Suite 800, Miami, FL  33131, curt@obrontcorey.com.

/s/ Joni A. Moselu
Assistant County Attorney

Page 4 of 4

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

ANDREW KIMMEL,                                    GENERAL JURISDICTION DIVISION

              Plaintiff(s),                   CASE NO. 17-22289 CA 01 (25)

v.

MIAMI-DADE COUNTY, a Political
Subdivision of the State of Florida, CHRIS
SMITH, individually and in his capacity as a
Miami-Dade County Police Officer,

              Defendant(s).
_____

## MIAMI-DADE COUNTY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant MIAMI-DADE COUNTY (the "County"), by and through undersigned counsel, and pursuant to Florida Rule of Civil Procedure 1.140, moves to dismiss Count I of Plaintiff's Complaint. In support of this motion the County states as follows:

In Count I of the Complaint, Plaintiff attempts to state a cause of action for negligent hiring, training, or supervision. Plaintiff claims that the County negligently hired, trained, or supervised a police officer, Chris Smith. Plaintiff, however, alleges no facts to support such a cause of action, and therefore that count must be dismissed.

### I.     Motion To Dismiss Standard

To survive a motion to dismiss, a complaint must allege a prima facie case. *Alvarez v. E & A Produce Corp.*, 708 So. 2d 997, 999–1000 (Fla. 3d DCA 1998) (dismissing negligence complaint for failure to state a claim). Dismissal is required where it appears from a reading of the complaint that the plaintiff would not be entitled to recovery even if he proved each and every allegation. *Thompkins v. Metro. Dade County*, 345 So. 2d 1090, 1091 (Fla. 3d

DCA 1977). In evaluating a motion to dismiss, the court confines its consideration to the four corners of the complaint and must accept all well-pleaded allegations as true. *Id.*  Even if this Court accepts everything Plaintiff has pled as true, he still is not entitled to recovery on Counts I.

## II.    Plaintiff Cannot State A Claim For Negligent Hire, Retention, Or Training Against The County

In order to state a claim for negligent retention or training, Plaintiff must plead that "during the course of employment, the employer [became] aware or should have become aware of problems with an employee that indicated his unfitness, and the employer fail[ed] to take further action such as investigating, discharge, [training], or reassignment." *Bennett v. Godfather's Pizza, Inc.*, 570 So. 2d at 1353. Plaintiff makes no such allegation. Furthermore, "by its very nature, an action for negligent retention involves acts which are not within the course and scope of employment." *Watson v. City of Hialeah*, 552 So. 2d at 1148; *Garcia v. Duffy*, 492 So. 2d 435, 438 (Fla. 2d DCA 1986) (negligent retention "allows for recovery against an employer for acts of an employee committed outside the scope and course of employment.").  Because (1) Plaintiff maintains that Officer Smith acted *within* the course scope of his employment at all material times and (2) Plaintiff does not allege that the County was aware or should have become aware of problems with Officer Smith that indicated his unfitness, Count I must be dismissed.

WHEREFORE, Defendant respectfully requests that this motion be GRANTED, that judgment be entered in their favor, and for such other relief as this Court deems just.

*Case No. 17-22289 CA 01 (25)*

Respectfully submitted,

**ABIGAIL PRICE-WILLIAMS**
Miami-Dade County Attorney
*Attorney for Defendant Miami-Dade County*
Stephen P. Clark Center, Suite 2810
111 Northwest First Street
Miami, Florida 33128-1993

By: /s/ Joni A. Mosely
    Joni A. Mosely
    Assistant County Attorney
    Florida Bar Number 668974
    Telephone:   (305) 375-5151
    Fax:        (305) 375-5634
    Email: joni.mosely@miamidade.gov
    michelle.rojasgarcia@miamidade.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by E-MAIL generated by the Florida Courts E-Filing Portal on **Friday, November 03, 2017** upon: Curt Obront, Esq., Obront Corey, PLLC, 100 S. Biscayne Blvd, Suite 800, Miami, FL 33131, curt@obrontcorey.com.

        Joni A. Mosely
        Assistant County Attorney

## RETURN OF SERVICE

State of Florida                    County of Miami-Dade                    Circuit Court

Case Number: 17-22289 CA 01

Plaintiff:
**ANDREW KIMMEL**

KDY2017033347

vs.

Defendant:
**MIAMI- DADE COUNTY, A POLITICAL SUBDIVISION OF THE STATE OF FLORIDA**

For:
OBRONT COREY PLLC
200 South Biscayne Blvd.
Suite 2940
Miami, FL 33131

Received by SAMUELS PROFESSIONAL SERVERS, CORP. on the 9th day of October, 2017 at 9:00 am to be served on **MIAMI-DADE COUNTY C/O DEPARTMENT OF FINANCIAL SERVICES, 200 E. GAINES STREET, Tallahassee, FL 32399**.

I, WYATT KADY, do hereby affirm that on the **9th day of October, 2017** at **1:00 pm, I:**

served a **CORPORATE, PARTNERSHIP, ASSOCIATION OR GOVERNMENT SERVICE** by delivering a true copy of the **SUMMONS and COMPLAINT** with the date and hour of service endorsed thereon by me, to: **DEE GARVIN** as **ADMINISTRATIVE SECERTARY** authorized to accept service, of the within named corporation, at the address of: **200 E. GAINES STREET, TALLAHASSEE, FL 32399** on behalf of **MIAMI-DADE COUNTY**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 32, Sex: F, Race/Skin Color: BLACK, Height: 5'4", Weight: 185, Hair: BLACK, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.                    "Under penalties of perjury, I declare that I have read the foregoing document and that the facts in it are true" F.S. 92.525.  NOTARY NOT REQUIRED PURSUANT TO FS 92.525

**WYATT KADY**
249

SAMUELS PROFESSIONAL SERVERS, CORP.
P.O Box 562948
Miami, FL 33256
**(786) 219-6844**

Our Job Serial Number: KDY-2017033347

Copyright © 1992-2017 Database Services, Inc. - Process Server's Toolbox V7.1i

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT, IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 17-22289 CA 01

ANDREW KIMMEL,

Plaintiff,

SUMMONS

vs.

Florida Bar No. 402494

MIAMI-DADE COUNTY, a
Political Subdivision of the State
of Florida,

Defendant.
_____/

THE STATE OF FLORIDA:

TO EACH SHERIFF OF THE STATE:

YOU ARE COMMANDED to serve the Summons and a copy of the Complaint or petition in
this action on defendant(s):

> Miami-Dade County
> c/o Department of Financial Services
> 200 E. Gaines Street
> Tallahassee, Florida 32399

Each Defendant is required to serve written defenses to the Complaint or petition on Plaintiff's
attorney, to-wit:

> Curt Obront, Esq.
> Obront Corey PLLC
> 100 South Biscayne Boulevard
> Suite 800
> Miami, Florida 33131
> Phone: (305) 373-1040
> Fax:   (305) 373-2040

Within 20 days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court, Dade County Courthouse, 73 West Flagler Street, Miami, Florida 33130 either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or petition.

Dated on _____

HARVEY RUVIN
As Clerk of the Court
By: _____
Deputy Clerk

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

ANDREW KIMMEL,

          Plaintiff(s),

v.

MIAMI-DADE COUNTY, a Political
Subdivision of the State of Florida, CHRIS
SMITH, individually and in his capacity as
a Miami-Dade County Police Officer,

          Defendant(s).

General Jurisdiction Division

Case No. 17-22289 CA 01 (25)

**NOTICE OF APPEARANCE AS CO-COUNSEL**

    Assistant County Attorney Benjamin D. Simon notifies the Court and all
counsel of record of his/her appearance in this matter as co-counsel on behalf of
Defendant Miami-Dade County, and respectfully requests that all future notices,
correspondence, orders, and pleadings be directed to him, in addition to all other
Assistant County Attorneys of record, at the address indicated below.

    Miami-Dade County specifically reserves its right to challenge the sufficiency
of process, service of process, venue, and jurisdiction in this matter. *See Oy v.
Carnival Cruise Lines, Inc.*, 632 So. 2d 724, 725 (Fla. 3d DCA 1994).

### Designation of E-Mail Addresses

    In keeping with Florida Rule of Judicial Administration 2.516, counsel
designates his primary and secondary e-mail addresses for purposes of e-mail
service as follows:

    Primary e-mail address: **BDSIMON@miamidade.gov**

    Secondary e-mail address: **michelle.rojasgarcia@miamidade.gov**

Respectfully submitted,

**ABIGAIL PRICE-WILLIAMS**
Miami-Dade County Attorney
*Attorney for Defendant Miami-Dade County*
Stephen P. Clark Center, Suite 2810
111 Northwest First Street
Miami, Florida 33128-1993

By: /s/Benjamin D. Simon
    Benjamin D. Simon
    Assistant County Attorney
    Florida Bar Number 643378
    Telephone:   (305) 375-3663
    Fax:         (305) 375-5611
    Email: BDSIMON@miamidade.gov
      michelle.rojasgarcia@miamidade.gov

### Certificate of Service

I CERTIFY that a copy of this document has been furnished by e-mail generated by the Florida Courts E-Filing Portal on **October 11, 2017** to: Curt Obront, Esq., Obront Corey, PLLC, 100 S. Biscayne Blvd, Suite 800, Miami, FL 33131, curt@obrontcorey.com.

        /s/Benjamin D. Simon
        Assistant County Attorney

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

ANDREW KIMMEL,

           Plaintiff(s),

v.

MIAMI-DADE COUNTY, a Political
Subdivision of the State of Florida, CHRIS
SMITH, individually and in his capacity as
a Miami-Dade County Police Officer,

           Defendant(s).

General Jurisdiction Division

Case No. 17-22289 CA 01 (25)

### NOTICE OF APPEARANCE

Assistant County Attorney Joni A. Mosely notifies the Court and all counsel of record of his/her appearance in this matter as counsel on behalf of Defendant Miami-Dade County, and of the Defendant's intent to defend itself from the allegations raised by the Plaintiff; and respectfully requests that all future notices, correspondence, orders, and pleadings be directed to her at the address indicated below.

Miami-Dade County specifically reserves its right to challenge the sufficiency of process, service of process, venue, and jurisdiction in this matter. *See Oy v. Carnival Cruise Lines, Inc.*, 632 So. 2d 724, 725 (Fla. 3d DCA 1994).

By virtue of Florida Statute Section 768.28(7), Miami-Dade County is allotted 30 days to respond to the complaint—or in this case, until November 3, 2017.

### Designation of E-Mail Addresses

In keeping with Florida Rule of Judicial Administration 2.516, counsel designates her primary and secondary e-mail addresses for purposes of e-mail service as follows:

Primary e-mail address: **joni.mosely@miamidade.gov**

Secondary e-mail address: **michelle.rojasgarcia@miamidade.gov**

Respectfully submitted,

**ABIGAIL PRICE-WILLIAMS**
Miami-Dade County Attorney
*Attorney for Defendant Miami-Dade County*
Stephen P. Clark Center, Suite 2810
111 Northwest First Street
Miami, Florida 33128-1993

By: /s/Joni A. Mosely_____
    Joni A. Mosely
    Assistant County Attorney
    Florida Bar Number 668974
    Telephone:   (305) 375-5151
    Fax:        (305) 375-5634
    Email:  joni.mosely@miamidade.gov
       michelle.rojasgarcia@miamidade.gov

## Certificate of Service

    I CERTIFY that a copy this document has been furnished by e-mail generated by the Florida Courts E-Filing Portal on **October 11, 2017** to: Curt Obront, Esq., Obront Corey, PLLC, 100 S. Biscayne Blvd, Suite 800, Miami, FL  33131, curt@obrontcorey.com.

            /s/Joni A. Mosely_____
            Assistant County Attorney

## VERIFIED RETURN OF SERVICE

State of Florida                    County of Miami-Dade                    Circuit Court

Case Number: 17-22289 CA 01

Plaintiff:
ANDREW KIMMEL
Vs.
Defendant:
MIAMI-DADE COUNTY, a Political Subdivision of the State of Florida

For:    Curt Obront, Esq.
        Obront Corey PLLC
        Southern Financial Center
        200 South Biscayne Blvd., Suite 2940
        Miami, FL 33131

Received by SAMUELS PROFESSIONAL SERVERS, CORP. on the 3rd day of October, 2017 at 12:26 p.m. To be served on Miami-Dade County, c/o Mayor Carlos Giminez at 111 N.W. 1st Street, Suite 2910, Miami, FL 33128.

I, Andre Samuels, being duly sworn, depose and say that on the 4th day of October, 2017 at 11:50 a.m., I: Served a Corporation by delivering the true copy of the Summons, and Complaint for Damages and Jury Trial Demand with the date and hour of service endorsed thereon by me, to: Maria Machado, as Mayors Aid at the address of: 111 N.W. 1st Street, Suite 2910, Miami, FL 33128 and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, and I am a Certified Process Server in good standing in the Judicial Circuit of Florida, in which the process was served. Signed in the State of FLORIDA. "Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true." F.S. 92.525. Notary not required.

                                        Andre Samuels #2055
                                        Process Server
                                        Samuels Professional Servers, Corp.
                                        8821 SW 136th Street, #562948
                                        Miami, FL 33256-2948

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT, IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 17-22289 CA 01

ANDREW KIMMEL,

    Plaintiff,

                            SUMMONS

vs.

                            Florida Bar No. 402494

MIAMI-DADE COUNTY, a
Political Subdivision of the State
of Florida,

    Defendant.

_____/

THE STATE OF FLORIDA:

TO EACH SHERIFF OF THE STATE:

YOU ARE COMMANDED to serve the Summons and a copy of the Complaint or petition in
this action on defendant(s):

                Miami-Dade County
                c/o Mayor Carlos Giminez
                111 N.W. 1st Street
                Suite 2910
                Miami, Florida 33128

Each Defendant is required to serve written defenses to the Complaint or petition on Plaintiff's
attorney, to-wit:

                Curt Obront, Esq.
                Obront Corey PLLC
                100 South Biscayne Boulevard
                Suite 800
                 Miami, Florida 33131
                Phone: (305) 373-1040
                Fax:   (305) 373-2040

Within 20 days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court, Dade County Courthouse, 73 West Flagler Street, Miami, Florida 33130 either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or petition.

Dated on _____

HARVEY RUVIN
As Clerk of the Court

By: _____
Deputy Clerk

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT, IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.

ANDREW KIMMEL,

      Plaintiff,

vs.

MIAMI-DADE COUNTY, a
Political Subdivision of the State of
Florida, CHRIS SMITH, individually
and in his capacity as a Miami-Dade
County Police Officer,

      Defendant.

_____/

## COMPLAINT FOR DAMAGES AND
## JURY TRIAL DEMAND

COMES NOW the Plaintiff, ANDREW KIMMEL, by and through his undersigned
counsel and hereby sues the Defendant, MIAMI-DADE COUNTY, and alleges:

1. This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00),
exclusive of interest and costs.

2. At all times material herein, the Plaintiff, ANDREW KIMMEL, was a resident of
Miami-Dade County, Florida.

3. At all times material herein, the Defendant, MIAMI-DADE COUNTY, is a political
subdivision of the State of Florida and has the responsibility of providing law enforcement in and
for Miami-Dade County, Florida.

1

4. At all times material hereto, Sgt. Chris Smith was a resident of Miami-Dade County, Florida.

5. At all times material hereto, Sgt. Chris Smith (Badge No. 2100) was an employee of the Defendant, MIAMI-DADE COUNTY, and was working within the scope of his employment during the relevant time period of the instant complaint.

6. At all times material herein, the Plaintiff has complied with all conditions precedent pursuant to Florida Statute 768.28 by giving notice to all of the governmental entities which may have an interest in the claims raised by the pleadings. (See attached).

## FACTS COMMON TO ALL COUNTS

7. On October 23, 2013, several officers from the Miami-Dade Police Department acting within the course and scope of their employment arrested Mr. Kimmel for disorderly intoxication without probable cause that he had committed an offense.

8. Mr. Kimmel was incarcerated overnight at the Dade County Jail based upon the above arrest. All of Mr. Kimmel's charges were "nolle prossed"/voluntarily dismissed by the State Attorney's Office on January 13, 2014 under Case No. M13-045718.

## COUNT I
## NEGLIGENCE

9. The Plaintiff, ANDREW KIMMEL, re-alleges and re-avers Paragraphs 1 through 8 as if fully set forth herein and allege further:

10. At all times material herein, MIAMI-DADE COUNTY owed a duty to the public, and the Plaintiff in particular, to exercise reasonable care in the retention, supervision, training and hiring of its employees and in particular the law enforcement and police officers including those responsible for the arrest and/or detention of the Plaintiff.

11. Notwithstanding the duties, the Defendant breached said duties in one or more of the following ways:

(A) Negligently retained police officers who Defendant knew or should have known were dangerous, unreasonable, and unnecessarily derelict in the performance of their duties and prone to be reckless and careless in the performance of duties;

(B) Negligently or inadequately trained police officers in the performance of their duties and in connection with performance of departmental policy and practice of Miami-Dade County regarding rules and regulations of police officers when in contact with the general public and in particular the Plaintiffs;

(C) Negligently hired police officers without first conducting adequate psychological evaluations or hired police officers notwithstanding the knowledge, actual or constructive, that said officers were unfit for a particular level, position, or level of responsibility the Defendant entrusted upon them; and

(D) Negligently supervised police officers in the performance of their duties, enforcement of Miami-Dade County policy in practice and/or departmental policy in practice at Miami-Dade County as it pertains to the police officers.

| ☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. ☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. | | |
|---|---|---|
| **DIVISION** ☒ CIVIL ☐ DISTRICTS ☐ FAMILY ☐ OTHER | **CIVIL COVER SHEET** | **CASE NUMBER** |
| **PLAINTIFF** Andrew Kimmel | **VS. DEFENDANT** Miami-Dade County and Chris Smith | **CLOCK IN** |

The civil cover sheet and the information contained here does not replace the filing and service of pleadings or other papers as required by law. This form is required by the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statute 25.075. See instructions and definitions on reverse of this form.

**TYPE OF CASE** (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x in both the main category and subcategory boxes.

☐ 001 - Eminent Domain
☐ 003 - Contracts and Indebtedness
☐ 010 - Auto Negligence
☐ 022 - Products Liability
☐ 023 - Condominium
☐ **Negligence - Other**
   ☐ 097 - Business Governance
   ☐ 098 - Business Torts
   ☐ 099 - Environmental/Toxin Tort
   ☐ 100 - Third Party Indemnification
   ☐ 101 - Construction Defect
   ☐ 102 - Mass Tort
   ☐ 103 - Negligent Security
   ☐ 104 - Nursing Home Negligence
   ☐ 105 - Premises Liability - Commercial
   ☐ 106 - Premises Liability - Residential
   ☒ 107 - Negligence - Other
☐ **Real Property/Mortgage Foreclosure**
   ☐ 108 - Commercial Foreclosure $0 - $50,000
   ☐ 109 - Commercial Foreclosure $50,001 - $249,999
   ☐ 110 - Commercial Foreclosure $250,000 - or more
   ☐ 111 - Homestead Residential Foreclosure $0 - $50,000
   ☐ 112 - Homestead Residential Foreclosure $50,001 - $249,999
   ☐ 113 - Homestead Residential Foreclosure $250,000 or more
   ☐ 114 - Non-Homestead Residential Foreclosure $0 - $50,000
   ☐ 115 - Non-Homestead Residential Foreclosure $50,001 - $249,999
   ☐ 116 - Non-Homestead Residential Foreclosure $250,000 or more
   ☐ 117 - Other Real Property Actions $0 - $50,000
   ☐ 118 - Other Real Property Actions $50,001 - $249,999

☐ 119 - Other Real Property Actions $250,000 or more
☐ **Professional Malpractice**
   ☐ 094 - Malpractice - Business
   ☐ 095 - Malpractice - Medical
   ☐ 096 - Malpractice - Other professional
☐ **Other**
   ☐ 120 - Antitrust/Trade Regulation
   ☐ 121 - Business Transactions
   ☐ 122 - Constitutional Challenge - Statute or Ordinance
   ☐ 123 - Constitutional Challenge - Proposed amendment
   ☐ 124 - Corporate Trust
   ☐ 125 - Discrimination - Employment or Other
   ☐ 126 - Insurance Claims
   ☐ 127 - Intellectual Property
   ☐ 128 - Libel/Slander
   ☐ 129 - Shareholder Derivative Action
   ☐ 130 - Securities Litigation
   ☐ 131 - Trade Secrets
   ☐ 132 - Trust Litigation
☐ **133 - Other Civil Complaint**
   ☐ 009 - Bond Estreature
   ☐ 014 - Replevin
   ☐ 024 - Witness Protection
   ☐ 080 - Declaratory Judgment
   ☐ 081 - Injunctive Relief
   ☐ 082 - Equitable Relief
   ☐ 083 - Construction Lien
   ☐ 084 - Petition for Adversary Preliminary Hearing
   ☐ 085 - Civil Forfeiture
   ☐ 086 - Voluntary Binding Arbitration
   ☐ 087 - Personal Injury Protection (PIP)

### COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐  No ☒

REMEDIES SOUGHT (check all that apply):

☒  monetary;

☐  non-monetary declaratory or injunctive relief;

☐  punitive

NUMBER OF CAUSES OF ACTION: [ 3 ]

(specify) _____

_____

IS THIS CASE A CLASS ACTION LAWSUIT?

☐  Yes

☒  No

HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?

☒  No

☐  Yes   If "Yes", list all related cases by name, case number, and court.

_____

_____

_____

IS JURY TRIAL DEMANDED IN COMPLAINT?

☒  Yes

☐  No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature _____   Florida Bar # _____402494_____
                        Attorney or party                                                    (Bar # if attorney)

Curt Obront _____              _____09/19/2017_____
(type or print name)                                                        Date

CLK/CT 96 Rev. 12/09                                                Clerk's web address: www.miami-dadeclerk.com

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

**I.      CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>Andrew Kimmel</u>
 Plaintiff
        vs.
<u>Miami-Dade County, Chris Smith</u>
Defendant

---

**II.      TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☒ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999

- ☐ Non-homestead residential foreclosure $250,000 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☐ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☐ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

III.    **REMEDIES SOUGHT** (check all that apply):
      ☒   Monetary;
      ☐   Non-monetary declaratory or injunctive relief;
      ☐   Punitive

IV.    **NUMBER OF CAUSES OF ACTION: (     )**
      (Specify)

      <u>3</u>

V.    **IS THIS CASE A CLASS ACTION LAWSUIT?**
      ☐   Yes
      ☒   No

VI.    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
      ☒   No
      ☐   Yes – If "yes" list all related cases by name, case number and court:

VII.    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
      ☒   Yes
      ☐   No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature <u>s/ Curt David Obront</u>      FL Bar No.: <u>402494</u>
      Attorney or party                         (Bar number, if attorney)

<u>Curt David Obront</u>    <u>09/19/2017</u>
     (Type or print name)                 Date