United States District Court
for the
Southern District of Florida

| Andrew Kimmel, Plaintiff, | ) |
| :--- | :--- |
| | ) |
| v. | ) |
| | ) Civil Case No. 18-23366-Civ-Scola |
| Miami-Dade County, Florida, Chris Smith, Defendants. | ) |
| | ) |
| | ) |

### Opinion Order on Motion to Dismiss

The Plaintiff Andrew Kimmel ("Kimmel") asserts three claims under federal and Florida law against Defendants Miami-Dade County (the "County") and Sergeant Chris Smith ("Smith," collectively with the County, the "Defendants") arising from Kimmel's October 2013 arrest for disorderly intoxication.

Now before the Court is a motion to dismiss (the "Motion," ECF No. 9) the Amended Complaint (ECF No. 5-1) filed by the Defendants. Having considering the parties' briefing, the record and the applicable law, the Motion (**ECF No. 9)** is **granted** as described below.

1. **Factual Background**[1]

The sparse factual allegations of the Amended Complaint are as follows: On October 23, 2013, County police officers arrested Kimmel for disorderly intoxication, resulting in Kimmel's overnight detention in County jail. (ECF No. 5-1 at ¶¶ 7, 9.) All charges were "nolle prossed" by the State Attorney in January 2014. (*Id.* at ¶ 9.) On those facts, Kimmel concludes that he was arrested without probable cause and in retaliation for constitutionally protected speech. (*Id.* at ¶¶ 7, 8.)

The Amended Complaint, removed to this Court under 28 U.S.C. §§ 1331, 1367(a), 1441, asserts three claims against the Defendants: Count I for excessive use of force under 42 U.S.C. § 1983 against Smith, individually;

---

[1] The Court accepts as true the facts pled in the Amended Complaint. *See Beck v. Deloitte & Touche*, 144 F.3d 732, 735 (11th Cir. 1998) ("In evaluating the sufficiency of a complaint, a court must accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff.").

Count II for false arrest and false imprisonment under Florida law against Smith, individually; and Count III for battery under Florida law against the County. (ECF No. 5-1.)

The Defendants move to dismiss Counts I and II, arguing: (1) that Kimmel alleges insufficient facts to state a claim for relief under section 1983, (ECF No. 9 at pp. 4-6); (2) that the Amended Complaint is a shotgun pleading, which improperly advances several causes of action in a single count, (*id.* at pp. 6-7); (3) that Smith is entitled to qualified immunity for the section 1983 claim; and (4) that the false imprisonment claim fails to factually allege that Smith acted with "bad faith" and therefore also fails to state a claim, (*id.* at pp. 10-11). In the event the court dismisses Count I, the removing Defendants also request the Court to remand this case and award Smith prevailing party costs and attorneys' fees under 42 U.S.C. § 1988. (*Id.* at p. 11.)

Kimmel opposes the Motion and argues: (1) that the section 1983 claim is not a shotgun pleading and satisfies the *Twombly/Iqbal* standard, (ECF No. 10 at pp. 2-9); and (2) that Kimmel sufficiently alleges that Smith acted with bad faith, thus stating a claim for false imprisonment, (*id.* at pp. 10-11). In the alternative, Kimmel requests leave to file a second amended complaint. (*Id.* at pp. 6 n.10, 10 n.14, 11.)

## 2. **Motion to Dismiss Standard**

A court considering a motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6) must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)) (internal punctuation omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Twombly*, 550 U.S. at 555. A court must dismiss a plaintiff's

claims if he fails to nudge his "claims across the line from conceivable to plausible." *Id.* at 570.

3. **The Amended Complaint Fails the *Iqbal/Twombly* Standard**

Kimmel fails to state a claim for any of the three claims asserted. Indeed, the only facts actually alleged in the Amended Complaint are that Kimmel was arrested for disorderly conduct, spent the night in County jail as a result, and was never prosecuted for the events leading to the arrest. These allegations do not plausibly support the myriad legal conclusions that form the basis of each claim asserted in the Amended Complaint. (*See, e.g.,* ECF No. 5-1 at ¶¶ 11, 23, 25 (Smith lacked probable cause to effectuate arrest), ¶ 16 (Smith's arrest of Kimmel was in retaliation for protected speech), ¶¶ 18, 29, 30 (Smith and other officers employed by the County battered/used unnecessary force in arresting Kimmel)).

Not only is Kimmel required to provide the Defendants fair notice of the claims brought against them—as he argues—he must also allege facts plausibly stating a claim for relief. *Iqbal*, 556 U.S. at 679 (holding that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" (quoting Fed. R. Civ. P. 8(a)(2))). He has not. The Amended Complaint is therefore **dismissed without prejudice**.

In sum, the Court **grants** the Motion (ECF No. 9) and **dismisses** the Amended Complaint without prejudice. Kimmel may file a second amended complaint in conformance with this order by **January 10, 2019**. In any amended pleading, Kimmel is further ordered to separately assert each theory of liability under section 1983 as an independent claim. The Court passes no judgment on the Defendants' other legal arguments related to qualified immunity and bad faith, which may be reasserted in connection with Kimmel's second amended pleading.

Additionally, the Defendants' unopposed motion to stay discovery (ECF No. 16) is **denied as moot** by virtue of the Court's adjudication of the Motion and because the Defendants do not require an order staying discovery that Kimmel agrees not to seek.

**Done and ordered**, in Chambers, in Miami, Florida, on January 3, 2019.

Robert N. Scola, Jr.
United States District Judge