## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### Case No. 18-23366-Civ-Scola

ANDREW KIMMEL,

      Plaintiff,

vs.

MIAMI-DADE COUNTY, a
Political Subdivision of the State of
Florida, CHRIS SMITH, individually
and in his capacity as a Miami-Dade
County Police Officer,

      Defendant.

_____/

## SECOND AMENDED COMPLAINT FOR DAMAGES AND
## JURY TRIAL DEMAND

COMES NOW the Plaintiff, ANDREW KIMMEL, by and through his undersigned counsel and hereby sues the Defendants, MIAMI-DADE COUNTY and CHRIS SMITH and alleges:

1.    This action for damages is brought to redress violations of federally-protected constitutional rights pursuant to 42 U.S.C. § 1983 and 1988, and the First, Fourth, and Fourteenth Amendments to the Constitution of the United States of America, along with supplemental state-law claims for false arrest, battery and malicious prosecution.

2.    This Court enjoys jurisdiction pursuant to 28 U.S.C. § 1331 as claims asserted herein arise under the Constitution and laws of the United States, whereas 28 U.S.C. § 1367(a) grants the Court supplemental jurisdiction over the state-law claims.

3.    Venue properly lies in the Southern District of Florida because all events giving rise to this action occurred in Miami-Dade County, Florida.

4.    All conditions precedent to bringing this action have been satisfied, complied with or waived, including but not limited to the applicable notice provisions under Fla. Stat. §768.28.

## THE PARTIES:

5.    The Plaintiff, ANDREW KIMMEL ("Kimmel"), a resident of New York, is a successful, well-respected television and digital video producer, documentarian and video journalist.  Kimmel has served as a producer for many well-known, popular television programs.

6.    The Defendant, MIAMI-DADE COUNTY ("MDC"), is a political subdivision of the State of Florida and has the responsibility of providing law enforcement in and for Miami-Dade County, Florida.

7.    At all times material hereto, Sgt. Chris Smith (Badge No. 2100) ("Smith") was an agent, servant or employee of MDC.

## FACTS COMMON TO ALL COUNTS

8.    On October 23, 2013 (the "Date of Incident"), Kimmel was travelling as part of his work as a television producer.  Kimmel departed from Los Angeles International Airport ("LAX") on a redeye flight to Miami International Airport ("MIA") en route to his ultimate destination, the Dominican Republic, for business travel as part of his profession as a television producer.

9.    As he disembarked from his flight at MIA, Kimmel observed that the woman (the "Female Passenger") who had sat next to him on the flight from LAX to Miami was being questioned by Miami-Dade County police officers, including Smith.

10.    Kimmel thought that the Female Passenger was startled and frightened by being surrounded by aggressive and loud police officers.  Kimmel calmly approached the officers and asked the officers what the problem was, what the Female Passenger had done, and sought to offer his assistance by locating the Female Passenger's traveling companion. The officers, including

Smith, responded that it was not his problem and to move on.  Mr. Kimmel explained that he had sat next to the woman on the plane and that he was only trying to help and ascertain what was going on.  Kimmel knew where the Female Passenger's friend was and was trying to share this information with the officers, including Smith, because he merely wished to help.

11.     The officers, including Smith, acted in an aggressive manner preventing Kimmel from fully explaining himself.  The officers, including Smith, were loud and physically imposing towards Kimmel.  Smith reacted aggressively to Kimmel's verbal protests/questions and offers of assistance and told Kimmel that he needed to be somewhere else.

12.     At all material times, Kimmel was in full control of his normal mental faculties: his speech was not slurred; he had no problem walking; his balance was normal; he was calm; he was never loud or boisterous; he was not aggressive towards the officer; he did not cause a disturbance with either the officers or anyone else in the vicinity; and he was neither intoxicated nor under the influence of any drugs or controlled substances. Kimmel complied with the officer's command and walked away. After Kimmel had already begun walking away, he was aggressively grabbed and forcibly arrested by Smith, for disorderly intoxication, despite the absence of probable cause that he had committed any offense.  At all times, Kimmel maintained an appropriate distance from the officers, did not physically interact with the officers, get in their way, or act aggressive in any way.

13.     Kimmel merely availed himself of his constitutionally-protected right to verbally protest, challenge and question what the police were doing and, moreover, Kimmel was doing so in a respectful manner and for the purpose of offering help and assistance.

14.     Despite the fact that he was not resisting arrest nor threatening the officers (or anyone) in any way, Kimmel was forcibly arrested and handcuffed by Smith to the point that his wrists were cut/bruised and he ultimately suffered serious nerve damage.

15.     Upon observing that Kimmel was arrested for no apparent reason, Kimmel's coworkers, including Brian Keaton, sought to find out what was going on from the officers. At this point, Brian Keaton, was shoved by an unknown officer for no apparent reason, threatened with arrest and told to "Back the F--- Up" even though he was maintaining an appropriate distance.

16.     Mr. Kimmel was taken away in handcuffs on a golf cart.  At or around this point, Mr. Keaton and/or another of Mr. Kimmel's coworkers approached the officers to find out where Kimmel was going to be taken.  The officers, including Smith, responded with verbal threats such as "This Ain't your F---ing town. We don't F--- around" and similar threatening expletives.

17.     Mr. Kimmel was ultimately incarcerated overnight at the Dade County Jail based upon the above arrest. All of Mr. Kimmel's charges were "nolle prossed"/voluntarily dismissed by the State Attorney's Office on January 13, 2014 under Case No. M13-045718.

18.     At all times material hereto, Title 42 U.S.C. §1983 states, inter alia: "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

19.     As a result of his arrest and incarceration, Kimmel missed his flight for work, suffered financial losses, personal injury including but not limited to nerve damage and temporary or permanent loss of sensation, and his earning capacity and career progress was diminished.

*Andrew Kimmel v. Miami-Dade County and Chris Smith*
Case No. 18-23366-Civ-Scola
Second Amended Complaint

## COUNT I — FALSE ARREST/IMPRISONMENT UNDER 42 U.S.C. § 1983
## AGAINST DEFENDANT OFFICER SMITH INDIVIDUALLY

20.     The Plaintiff, ANDREW KIMMEL, realleges and reavers Paragraphs 1 through 19 as if fully set forth herein.

21.     At all times material hereto, Smith was acting under color of law.

22.     At all times material hereto, Kimmel had a clearly established constitutional right to be free of any unreasonable seizures and a right to be free from the unlawful abuse of power by agents of the State acting under color of law.

23.     At all times material hereto, and as described more fully above, on or about October 23, 2013, Officer Smith, acting under color of state law, intentionally and unlawfully detained Plaintiff deprived him of his liberty and freedom of movement against his will.

24.     At all times material hereto, the detention was intentional, unreasonable, without Plaintiff's consent, against Plaintiffs will, and was done to intimidate Plaintiff with a show of force and/or to be vindictive.

25.     There existed no level of suspicion, probable cause, or arguable probable cause, to arrest Kimmel. As such Defendant Smith's decision to arrest Kimmel was objectively unreasonable under the circumstance and in violation of Kimmel's constitutionally protected right against unreasonable seizures guaranteed to him by the United States Constitution.

26.      At all times material hereto, the officers' actions violated Plaintiff's rights recognized in the Constitution and in 42 U.S.C. sec. 1983.

27.     At all times material hereto, the detention of the Plaintiff was intentional and not warranted by the factual circumstances.

28.     At all times material hereto, the stated charges made against the Plaintiff were nothing more than a pretext to falsely arrest Plaintiff.

29.     At all times material hereto the detention and/or imprisonment of Kimmel by Smith was objectively unreasonable, violated a clearly established constitutional right, and was the result of deliberate indifference to Kimmel's rights.

30.     At all times material hereto, as described above, as a result of the false arrest, Plaintiff suffered damages. More specifically, as a direct and proximate result of Smith's actions, Kimmel has suffered damages, including but not limited to; shame, embarrassment, mental anguish, physical injury, pain, loss of reputation, financial loss, past and future loss of liability to earn wages, medical expenses, and mental injuries. These losses are either permanent or continuing in nature and Kimmel will suffer these losses and impairments in the future.

WHEREFORE, the Plaintiff demands the entry of judgment against the Defendant for: (a) compensatory damages, (b) together with interest, court costs, reasonable attorney's fees pursuant to 42 U.S.C. sec. 1988, (c) trial by jury on all issues so triable as matter of law and (d) such further relief as the Court deems proper.

## COUNT II —  EXCESSIVE FORCE UNDER 42 U.S.C. §1983:

31.     The Plaintiff, ANDREW KIMMEL, realleges and reavers Paragraphs 1 through 19 as if fully set forth herein.

32.     At all times material hereto, Smith was acting under color of law.

33.     Without probable cause or reasonable suspicion that Plaintiff had committed a crime, Smith unlawfully arrested Kimmel with force by aggressively grabbing him against his consent.

34.     At all times material hereto, Plaintiff's right, under both the Fourth and Fourteenth Amendments, to be free from having excessive force used against his person was clearly

established. The force used by Officer Smith during the seizure was excessive under the circumstances presented and therefore completely unreasonable.

35.     The use of any force against Kimmel was unlawful because, inter alia, the arrest itself was unlawful.  Alternatively, even assuming that de minimis force were permitted, Smith used more than de minimis force and used force that was unreasonable under the circumstances, as Kimmel was an unarmed, nonthreatening, well-mannered, nonviolent and non-fleeing person. A reasonable officer would not have used any force against Kimmel under the circumstances.

36.     At all times material hereto, the circumstances did not indicate that a crime had been committed nor that there was probable cause or even arguable probable cause that a crime had been committed, nor was Plaintiff displaying any kind of provocation or threats or alarm.

37.     Defendant Smith then handcuffed Kimmel using the cuffs as a weapon or device purposely in a manner specifically intended to cause significant pain and discomfort.

38.     Smith restrained Kimmel with handcuffs so tightly that the handcuffs cut off circulation and cut into and/or bruised his skin and Kimmel's wrists were injured so severely that he ultimately suffered nerve damage.  By doing so, Smith caused constriction of the blood circulation, as well as nerve damage in one or both of Kimmel's hands and/or upper extremities resulting in temporary and permanent loss of sensation.

39.     As a direct and proximate result of Smith's actions, Kimmel has suffered damages, including but not limited to; shame, embarrassment, mental anguish, physical injury, pain, loss of reputation, financial loss, past and future loss of liability to earn wages, medical expenses, and mental injuries. These losses are either permanent or continuing in nature and Kimmel will suffer these losses and impairments in the future.

**WHEREFORE**, the Plaintiff demands the entry of judgment against the Defendant for: (a) compensatory damages, (b) together with interest, court costs, reasonable attorney's fees pursuant to 42 U.S.C. sec. 1988, (c) trial by jury on all issues so triable as matter of law and (d) such further relief as the Court deems proper.

### COUNT III — FIRST AMENDMENT RETALIATION UNDER 42 U.S.C. §1983

40.     Plaintiff reincorporates and realleges paragraphs 1 through 19 herein.

41.     At all times material hereto, Smith was acting under color of law.

42.     Plaintiff engaged in constitutionally protected speech in that he verbally challenged, questioned and/or opposed police action. Plaintiff also engaged in constitutionally protected speech and/or a constitutionally protected act in that he approached Smith and the other officers to offer assistance and sought to determine if he could help the situation with the Female Passenger.

43.     Plaintiff's verbal protests to Smith, and/or the other officers, qualify as constitutionally protected speech. *See, e.g.*, *City of Houston, Tex. v. Hill*, 482 U.S. 451 (1987) ("The freedom of individuals verbally to oppose or challenge police action without thereby risking arrest is one of the principal characteristics by which we distinguish a free nation from a police state."). Plaintiff's act of seeking to offer his assistance and/or provide information to Smith and/or the other officers is similarly constitutionally protected speech.

44.     Plaintiff was retaliated against for his constitutionally-protected speech/act(s) by Smith who arrested him without probable cause.

45.     Smith's retaliatory conduct adversely affected the protected speech in so far as a person of ordinary firmness would likely be deterred from exercising his First Amendment Rights in the face of such conduct.

46.     The retaliation was casually connected to the adverse effect on Kimmel's constitutionally-protected speech because, inter alia, Kimmel was arrested without probable cause due to his constitutionally-protected speech. A person of ordinary firmness would likely be deterred from exercising his First Amendments Rights in the face of being arrested for his constitutionally-protected speech and the circumstances of Kimmel's arrest show that the retaliatory arrest was connected to his constitutionally protected speech/act(s).

47.     At all times material hereto, Kimmel's right to be free from arrest without probable cause because of his protected speech and/or act(s) was clearly established. *See, e.g.*, *Bennett v. Hendrix*, 423 F.3d 1247, 1255–56 (11th Cir. 2005).

48.     As a direct and proximate cause of the prohibited retaliatory acts, Kimmel suffered financial loss in the form of attorneys' fees, bail and other costs, loss of freedom by incarceration, pain and suffering, physical injury embarrassment and indignity, humiliation and/or emotional injury leading to interference with his enjoyment of life, and financial damage and loss of future earning capacity.

**WHEREFORE**, the Plaintiff demands the entry of judgment against the Defendant for: (a) compensatory damages, (b) together with interest, court costs, reasonable attorney's fees pursuant to 42 U.S.C. sec. 1988, (c) trial by jury on all issues so triable as matter of law and (d) such further relief as the Court deems proper.

## COUNT IV — STATE LAW BATTERY AGAINST SMITH

49.     Plaintiff reincorporates and realleges paragraphs 1 through 19 herein.

50.     The use of force towards the Plaintiff by Smith was objectively unreasonable and clearly excessive under the circumstances, and unnecessary for Smith to defend himself or any

other person from bodily harm during the arrest of the Plaintiff, and resulted, as Smith knew or reasonably should have known, in a harmful and offensive contact of the Plaintiff against his will.

51.     At all times material hereto, the circumstances did not indicate that a crime had been committed nor that there was probable cause or even arguable probable cause that a crime had been committed by Kimmel, nor was Plaintiff displaying any kind of provocation or threats or alarm

52.     As such, Smith used excessive and unreasonable force in arresting Plaintiff in that he violently grabbed the Plaintiff under circumstances where the use of any force would not have been justified as there was no probable cause to believe Kimmel had committed any crime.

53.     Smith further used excessive and unreasonable force against Plaintiff in that he handcuffed Kimmel using the cuffs as a weapon or device purposely in a manner specifically intended to cause significant pain and discomfort.

54.     Smith applied handcuffs to Plaintiff so tightly that they injured Plaintiff severely enough that it resulted in Plaintiff suffering nerve damage.

55.     Smith's conduct in causing harmful and offensive contact to the Plaintiff against his will was done in bad faith, was done with malicious purpose, and/or was done in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

56.     Smith's conduct evinced bad faith, a malicious purpose, and/or a wanton and willful disregard of human rights and safety.

57.     Smith's conduct evinced bad faith, a malicious purpose, and/or a wanton and willful disregard of human rights and safety in so far as there was no probable cause (nor any reason whatsoever) for Smith to contact Kimmel nor were there any circumstances that would have

*Andrew Kimmel v. Miami-Dade County and Chris Smith*
Case No. 18-23366-Civ-Scola
Second Amended Complaint

justified Smith handcuffing Kimmel in a manner specifically intended to cause significant pain and discomfort and which did cause such pain and injury.

58.    Kimmel never posed a threat to anyone nor was there even arguable probable cause to arrest him.

59.    The battery/unnecessary use of force against the Plaintiff by Smith occurred during the course and scope of Smith's employment as a police officer for the Miami-Dade County Police Department.

60.    As a direct and proximate result of the acts described herein, the Plaintiff was injured in and about his body and extremities and/or suffered an aggravation of a known or unknown preexisting condition or disease, suffered great mental anguish, the loss of capacity for the enjoyment of life, and in addition, suffered pain therefrom, incurred medical expenses for the treatment of said injuries, incurred pain and suffering, suffered diminution of working ability, earning capacity and said injuries are either permanent or continuing in nature, and Plaintiff will suffer such losses and impairment in the future.

**WHEREFORE**, Plaintiff, ANDREW KIMMEL, demands judgment against Defendant, Smith, for compensatory damages and costs, and for trial by jury of all

issues triable as of right by a jury.

### COUNT V — STATE LAW BATTERY AGAINST MIAMI-DADE COUNTY [1]

61.    Plaintiff reincorporates and realleges paragraphs 1 through 19 herein.

62.    The use of force towards the Plaintiff by Smith was objectively unreasonable and clearly excessive under the circumstances, and unnecessary for Smith to defend himself or any

---

[1] In the Alternative to Count V (State Law Battery Against Smith individually).

other person from bodily harm during the arrest of the Plaintiff, and resulted, as Smith knew or reasonably should have known, in a harmful and offensive contact of the Plaintiff against his will.

63.      At all times material hereto, the circumstances did not indicate that a crime had been committed nor that there was probable cause or even arguable probable cause that a crime had been committed by Kimmel, nor was Plaintiff displaying any kind of provocation or threats or alarm

64.      As such, Smith used excessive and unreasonable force in arresting Plaintiff in that he violently grabbed the Plaintiff under circumstances where the use of any force would not have been justified as there was no probable cause to believe Kimmel had committed any crime.

65.      Smith further used excessive and unreasonable force against Plaintiff in that he handcuffed Kimmel using the cuffs as a weapon or device purposely in a manner specifically intended to cause significant pain and discomfort.

66.      Smith applied handcuffs to Plaintiff so tightly that they injured Plaintiff severely enough that it resulted in Plaintiff suffering nerve damage.

67.      Kimmel never posed a threat to anyone nor was there even arguable probable cause to arrest him and the force used against him was therefore objectively unreasonable under the circumstances.

68.      The battery/unnecessary use of force against the Plaintiff by Smith occurred during the course and scope of Smith's employment as a police officer for the Miami-Dade County Police Department.

69.      Smith's harmful and offensive contact with Kimmel was intentional and/or reckless.

70.     MDC is vicariously liable for torts committed by its agents and employees acting within the scope of their employment pursuant to F.S. § 768.28 and Smith was acting within the scope of his employment when he committed battery and used excessive force against Kimmel, and therefore MDC is liable for Smith's battery of Kimmel.

71.     As a direct result of Smith's harmful and offensive touching of Kimmel, Kimmel suffered physical and mental injuries and great humiliation.

72.     As a direct and proximate result of the acts described herein, the Plaintiff was injured in and about his body and extremities and/or suffered an aggravation of a known or unknown preexisting condition or disease, suffered great mental anguish, the loss of capacity for the enjoyment of life, and in addition, suffered pain therefrom, incurred medical expenses for the treatment of said injuries, incurred pain and suffering, suffered diminution of working ability, earning capacity and said injuries are either permanent or continuing in nature, and Plaintiff will suffer such losses and impairment in the future.

**WHEREFORE**, Plaintiff, ANDREW KIMMEL, demands judgment against Defendant, MIAMI-DADE COUNTY, for compensatory damages and costs, and for trial by jury of all issues triable as of right by a jury.

### COUNT VI — STATE LAW FALSE ARREST/FALSE IMPRISONMENT AGAINST SMITH

73.     Plaintiff reincorporates and realleges paragraphs 1 through 19 herein.

74.     On the Date of Incident, Kimmel was unlawfully restrained against his will by Smith. Smith unlawfully and intentionally detained Kimmel and deprived Kimmel of liberty against his will by arresting Kimmel.

13

75.     At all times material hereto, Smith was acting within the course and scope of Smith's employment as a police officer for the Miami-Dade County Police Department.

76.     Smith's conduct in arresting Kimmel evinced bad faith, a malicious purpose, and/or a wanton and willful disregard of human rights and safety. Smith's conduct evinced bad faith, a malicious purpose, and/or a wanton and willful disregard of human rights and safety in so far as, inter alia, there was no probable cause (nor any reason whatsoever) for Smith to arrest Kimmel and deprive him of his liberty.

77.     Smith lacked probable cause or even any arguable probable cause to arrest Kimmel. Kimmel never posed a threat to anyone nor was there even arguable probable cause to arrest him. As such, Smith's arrest of Kimmel was unreasonable and unwarranted under the circumstances.

78.     Smith's arrest of Kimmel was unreasonable and unwarranted under the circumstances because Kimmel had not done anything that would provide probable cause or even arguable probable cause to arrest him, nor did he pose a threat to Smith or anyone else.

79.     As a direct and proximate result of the acts described herein, the Plaintiff was injured in and about his body and extremities and/or suffered an aggravation of a known or unknown preexisting condition or disease, suffered great mental anguish, the loss of capacity for the enjoyment of life, and in addition, suffered pain therefrom, incurred medical expenses for the treatment of said injuries, incurred pain and suffering, suffered diminution of working ability, earning capacity and said injuries are either permanent or continuing in nature, and Plaintiff will suffer such losses and impairment in the future.

**WHEREFORE**, Plaintiff, ANDREW KIMMEL, demands judgment against Defendant, Smith, for compensatory damages and costs, and for trial by jury of all issues triable as of right by a jury.

*Andrew Kimmel v. Miami-Dade County and Chris Smith*
Case No. 18-23366-Civ-Scola
Second Amended Complaint

## COUNT VII — STATE LAW FALSE ARREST/FALSE IMPRISONMENT AGAINST MDC[2]

80.     Plaintiff reincorporates and realleges paragraphs 1 through 19 herein.

81.     On the Date of Incident, Kimmel was unlawfully restrained against his will by Smith. Smith unlawfully and intentionally detained Kimmel and deprived Kimmel of liberty against his will by arresting Kimmel without probable cause.

82.     At all times material hereto, Smith was acting within the course and scope of Smith's employment as a police officer for the Miami-Dade County Police Department.

83.     Smith lacked probable cause or even any arguable probable cause to arrest Kimmel. Kimmel never posed a threat to anyone nor was there even arguable probable cause to arrest him. As such, Smith's arrest of Kimmel was unreasonable and unwarranted under the circumstances.

84.     Smith's arrest of Kimmel was unreasonable and unwarranted under the circumstances because Kimmel had not done anything that would provide probable cause or even arguable probable cause to arrest him, nor did he pose a threat to Smith or anyone else.

85.     MDC is liable for torts committed by its agents and employees acting within the scope of their employment pursuant to F.S. § 768.28, Smith was acting within the scope of his employment when he falsely arrested Kimmel, and therefore MDC is liable for the false arrest.

86.     As a direct and proximate result of the acts described herein, the Plaintiff was injured in and about his body and extremities and/or suffered an aggravation of a known or unknown preexisting condition or disease, suffered great mental anguish, the loss of capacity for the enjoyment of life, and in addition, suffered pain therefrom, incurred medical expenses for the

---

[2] In the Alternative to Count VII (False Arrest Against Smith individually).

*Andrew Kimmel v. Miami-Dade County and Chris Smith*
Case No. 18-23366-Civ-Scola
Second Amended Complaint

treatment of said injuries, incurred pain and suffering, suffered diminution of working ability, earning capacity and said injuries are either permanent or continuing in nature, and Plaintiff will suffer such losses and impairment in the future.

**WHEREFORE**, Plaintiff, ANDREW KIMMEL, demands judgment against Defendant, MDC, for compensatory damages and costs, and for trial by jury of all issues triable as of right by a jury.

### COUNT VIII — STATE LAW MALICIOUS PROSECUTION AGAINST SMITH:

87.     Plaintiff reincorporates and realleges paragraphs 1 through 19 herein.

88.     As a direct and proximate cause of the actions of Defendant Smith, a criminal case was commenced in Miami-Dade County criminal court (Case No.: No. M13-045718) on October 31, 2013 against Plaintiff.

89.     The case was terminated in Plaintiff's favor on or about January 13, 2014.

90.     Defendant Smith lacked probable cause or even any arguable probable cause for the original proceeding against Kimmel.  The actions of Defendant Smith in instituting criminal process against Plaintiff Kimmel, were without any legal justification and were not the lawful execution of his discretionary duties as a police officer.

91.     Smith proximately caused criminal proceedings to be instituted or continued against Plaintiff with actual malice and in the absence of probable cause that Plaintiff committed any criminal offense. Smith's actions also evinced ill will and/or actual malice in so far as Kimmel was arrested and ultimately criminal proceedings were brought against him despite the fact that there was never any probable cause that he had committed a crime.

92.     Smith's actual malice is further demonstrated in so far as he made false statements and/or material omissions in a police report that would be submitted to prosecuting authorities for the institution and continuation of criminal proceedings against Plaintiff.

93.     Smith's ill will and actual malice is also established in so far as he caused Kimmel to be prosecuted out of malice and a desire to wrong and injure Kimmel.

94.     As a direct and proximate cause of the proceedings instituted against him Kimmel suffered financial losses in the form of lawyer's fee, bail and other costs, financial loss related to employment prospects, loss of freedom by incarceration, physical injury embarrassment and indignity, humiliation and/or emotional injury leading to interference with his enjoyment of life, and financial damage and loss of future earning capacity.

**WHEREFORE**, the Plaintiff requests this Court enter judgment against Defendant Smith, and award the Plaintiff compensatory and punitive damages, attorney's fees and costs, as well as all other further relief this Court deems just and proper.

Dated this **10th** Day of January, 2019.     **Respectfully Submitted,**

**OBRONT COREY, PLLC**
*Attorneys for Plaintiff.*
Bayfront Tower
100 South Biscayne Blvd. - Suite 800
Miami, Florida 33131
Telephone: (305) 373-1040
Facsimile: (305) 373-2040
E-mail: pmathews@obrontcorey.com;
curt@obrontcorey.com; karlene@obrontcorey.com

By: */s/ Peter J. Mathews*_____
**CURT OBRONT, ESQ.**
Florida Bar No. 402494
**PETER J. MATHEWS, ESQ.**
Florida Bar No. 94675

*Andrew Kimmel v. Miami-Dade County and Chris Smith*
Case No. 18-23366-Civ-Scola
Second Amended Complaint

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via e-mail

and CM/ECF this 10th day of January, 2019 to the individuals on the below service list.

*/s/ Peter J. Mathews*

**Service List:**
Joni A. Mosely
Jennifer Hochstadt
Miami-Dade County Attorney
*Attorney for Defendants*
Stephen P. Clark Center, Suite 2810
111 Northwest First Street
Miami, Florida 33128-1993
Telephone: (305) 375-5151
Fax: (305) 375-5634
Email: joni.mosely@miamidade.gov
Jennifer.Hochstadt@miamidade.gov
michelle.rojasgarcia@miamidade.gov